The opinion of the court mas delivered hy

Mr. Justice JIugcr.

The deed of gift to Phebe is formally drawn. The premises however appear to be at variance with the habendum. In the premises, Rose is given in presentí, the habendum is in futu-ro. When the premises, of a deed are not. complete- and perfect, resort must he bad to the habendum to ascertain the intention of the parties. It may t! .en limit or extend or even frustrate the premises. But when the premises are complete and perfect *494 and the habendum is at variance with them, and they cannot stand together, the habendum is void. The first part of a deed has priority in law, as well as in fact, which is said not to be the case with wills, 3 Dyer, 272; 14 Vin, 51, 56, 100, 141, 145. If therefore the habendum to Phebe, after the death of the donor, be inconsistent with and repugnant to the gift in presentí, set forth in the premises, the habendum is void, and Phebe was entitled to Rose from the date of the gift. It is unnecessary in this case to determine whether the premises and habendum may not be reconciled, by regarding Phebe as taking Rose in trust for her father during his life and to her own use after his death; in either case, she is now entitled to Rose, if the deed was not fraudulent and Rose was delivered in conformity to its provi-" stons. The motion for a new trial is therefore granted.