8516

#### SURLES v. McLAURIN.

Wills—Limitaton of Estates—Fee Conditional.—A devise "to have and to hold to my son A. for and during the term of his natural life, and then to the heirs of his body, but should he leave no such heirs," then over, passes a fee conditional to A. on birth of children to him.

Before C. J. Ramage, special Judge, Dillon, November, 1912. Affirmed.

Action by Allen Surles against D. McLaurin *et al.* Defendant McLaurin appeals.

*Messrs. Townsend, Rogers & McLaurin,* for appellant. *Mr. McLaurin* cites: 2 Bail., 248; 17 S. C. 551; 67 S. C. 134; 13 S. C. 118.

*Messrs. Sellers & Moore,* cantra, cite: 3 Rich. Eq. 271, 384; 1 Rich. Eq. 411; 2 Strob. Eq. 174; 13 S. C. 115; 65 S. C. 345; 67 S. C. 307; 48 S. C. 440.

April 8, 1913. The opinion of the Court was delivered by

Mr. Justice Woods. In this action to enforce the specific performance of a contract to purchase a tract of land, the defendant, McLaurin, alleged that the plaintiff, Allen Surles, had only a life estate in the land, and, therefore, could not perform his contract to convey a perfect title in fee simple. Allen Surles derived title under the following clause of the will of A. B. Surles: "To my beloved son, Allen Surles, I give, devise and bequeath the lands known as my Clark place, bounded north by T. P. Squires, east by Little Pee Dee River, south by R. L. Lane, and west by Alfred Stackhouse and public road, containing four hundred acres, more or less, to have and to hold unto my said son, Allen Surles, for and during the term of his natural life, and then to the

heirs of his body; but should he leave no such heirs, then the same shall be equally divided among my other heirs." Allen Surles has several children who were made defendants, as were also the heirs of A. B. Surles. None of these parties answered, except certain infants by their guardian *ad litem.*

The appeal is from a decree of the Circuit Court, holding that Allen Surles took a fee conditional, that having issue, he could convey a good title, and that the defendant, McLaurin, should accept the title tendered by him.

The devise cannot be distinguished from the devises in *Bethea* v. *Bethea,* 48 S. C. 440, 26 S. E. 716, and *Whitworth* v. *Stuckey,* 1 Rich. Eq. 404, which were held to create fee conditional estates. These cases are conclusive in favor of the judgment of the Circuit Court.

Affirmed.