15712

McDANIEL *ET AL.* v. CONNOR *ET AL.*

(33 S. E. (2d), 75)

*Mr. Wm. H. Smith,* of Florence, S. C., Counsel for Appellants,

*Messrs. McEachin & Townsend,* and *Messrs. Royall & Wright,* all of Florence, S. C., Counsel for Respondents,

February 14, 1945.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court:

R. McDaniel executed his deed dated September 13, 1881, recorded November 18, 1889, whereby, in consideration of a recited and acknowledged sum of $1.00 "and for the further consideration of the love and natural affection I (the grantor) have for my son, the said William Charles McDaniel," he conveyed to the latter one hundred and fifteen acres of land then situate in Darlington (now Florence) County by the following quoted granting clause: "Do grant, bargain, sell and release, unto the said William Charles McDaniel and to his lawful heirs after him, and if he should die without any lawful heirs of his body, then it is to be the property of his other brothers and sisters then living equally divided between them." After the description of the property the following appears in the deed, the original of which is before us: "Saveing and excepting that I hereby retain all of my rights and power of control in and over the said property for the term of my natural life."

The habendum clause was regular in form, as follows: "To have and to hold, all and singular the said premises before mentioned unto the said William Charles McDaniel, his Heirs and Assigns forever." Likewise there was a regular clause of general warranty to William Charles McDaniel, his heirs and assigns.

The named grantee many years afterward gave a mortgage over the land to the Federal Land Bank of Columbia which

was foreclosed and the Bank acquired title, and it thereafter conveyed to W. H. Connor, who has been in possession since the year 1933, and the Bank holds his purchase money mortgage. Hence Connor and the Bank were made defendants in this action by appellants who are the only children of William Charles McDaniel, the latter now deceased, and they claim as the owners in fee, as tenants in common, upon the theory that by the deed there was conveyed to William Charles McDaniel only a life estate in the premises with remainder in fee to them as his heirs under the terms of the deed.

The case was heard on demurrer to the complaint and the trial Court held that the fee-simple title, subject to a life estate in the grantor and subject to be defeated by the death of William Charles McDaniel without lawful heirs of his body, was conveyed to William Charles and that his conveyance by way of mortgage to the Bank carried the fee, which is now no longer subject to the defeasance because appellants, his children and therefore, "lawful heirs of his body", survived him. It was also held that the deed was, in effect, a covenant to stand seized to uses, but that the rules applicable to the construction of such an instrument do not relax the cardinal principle that the intention of the grantor must be found in the language used in the light of the established canons of construction, and that the intention is entirely plain that the grantor intended to and did, convey the fee-simple title in remainder to his son, subject to the condition of defeasance stated. After such order of the Court, appellants moved for leave to amend their complaint by expressly alleging an intention on the part of the grantor to convey to his son a life estate with remainder in fee to his surviving children, but the motion was refused, partly upon the ground that it was the intention of appellants, announced in the argument of their counsel, to offer testimony dehors the record concerning the intention of the grantor.

This appeal is upon exceptions to the main decision and to the Court's subsequent refusal of leave to amend the com-

plaint, which exceptions need not be separately stated or discussed. The questions which they make will be disposed of in what will be said.

As has many times been said, the governing principle in the construction of deeds is that the intention of the grantor, if consistent with law, shall govern. We agree with the learned trial Judge that the intent is plain enough in this case, that it contravenes no rule of law, and that it has in fact been accomplished. And this without need of resort to the rules relating to the construction and effect of a covenant to stand seized to uses. That doctrine, which we think is largely irrelevant in the consideration of this case, was developed in the law courts after the Statute of Uses, made possible by it, to circumvent the rigid rule of the common law which denied the power to a grantor to create an estate of freehold to take effect *in futuro*. 11 A. L. R., 25; *Chancellor v. Windham,* 1 Rich., 161, 42 Am. Dec., 411; *Dinkins v. Samuel,* 10 Rich., 66; *Watson v. Watson,* 24 S. C., 228, 58 Am. Rep., 247; *Rembert v. Vetoe,* 89 S. C., 198, 71 S. E., 959, 2 A. L. R., 918. And see the definition of this form of conveyance in the recent case (to the facts of which it was not applicable) of *Gowdy v. Kelley,* 185 S. C., 415, 194 S. E., 156, and the companion case of *Elliott v. Bristow,* 186 S. C., 544, 196 S. E., 378.

The following appears in 26 C. J. S., Deeds, § 7, p. 180: "A covenant to stand seized to uses occurs where the owner of a freehold estate covenants to hold the legal title in trust for the use of the *cestuis que* use. However, in order to constitute a good covenant to stand seized to uses, it is not necessary that such terminology be used. Prior to the statute of uses, deeds of covenant to stand seized did not operate to convey the title but only the right to the beneficial use which right was enforceable in equity. By force of the statute of uses the legal estate was carried to the person having the use. Thus, a covenant to stand seized

to uses became and is an effectual mode of conveying lands, and by it a freehold may be conveyed to commence *in futuro.* 'The grantor does not stand seized to *.the use of the grantee in any different estate than that expressed in the instrument of conveyance.*" (Emphasis added.) See also 19 Am. Jur., 567 *et seq.*

The rule of the foregoing authorities is that the so-called "fiction" of a covenant to stand seized will be resorted to in order to avoid defeat of a grantor's expressed or implied intention which cannot be accomplished under the law of common-law conveyances, and certain requisites therefor have been established by the decisions. But here, as already indicated, such aid is quite unnecessary; the grantor's intention is clear, upon consideration of the whole deed, and giving effect to every part of it; apt and sufficient words were used; and, indeed, the plain intention of the maker of the deed has been effected.

Appellants are without the first foundation of their contention, namely, that only a life estate was conveyed to the named grantee. The fact sticks out like a sore thumb that the grantor did not limit his son to a life estate. No apt words therefor appear. On the contrary, words of inheritance with respect to the son's estate occur in the granting clause and in the habendum. This despite the fact that he used well-chosen words to limit the reservation of a life estate to himself.

The same result is reached from a different approach to the problem: Suppose the words "his lawful heirs after him" had been omitted from the granting clause, after the name of the grantee, could there be any doubt of the grantor's intention and the legal effect of the deed, in view of the habendum, regular and statutory in form to vest the fee-simple title? Undoubtedly, no. Then, does the presence of the quoted words indicate an intention to restrict the named grantee to a life estate (otherwise not done by the terms of the deed)

and create remainders in his children (which is appellants' contention)? Plainly again, no.

Another supposition may be indulged in to emphasize the lack of logic in appellants' position. If the phrase "his lawful heirs after him" limited the grantee to a life estate with remainder to his heirs or the heirs of his body (the latter in view of the words of the defeasance clause), the Rule in Shelley's Case would apply and create in the grantee a fee simple (or conditional) which his mortgage to the Bank transferred, and the appellants would be no better off. *Blume v. Pearcy,* 204 S. C., 409, 29 S. E. (2d), 673, and authorities there cited.

There was no error in the conclusion of the learned trial Judge that the grantee took a defeasible fee. Such was the clearly expressed intention of the grantor, but the defeasance clause never became applicable; the grantee died leaving "lawful heirs of his body",—to wit, children who are, in fact, the present appellants. The fee simple was not absolute but defeasible (the term usually used by our Courts), *i. e.,* it would have been defeated by the death of the grantee without heirs of his body; text writers sometimes refer to such estate as a determinable fee. 19 Am. Jur., 493 *et seq.* But there is a nice distinction which was observed in the early development of the terms. 31 C. J. S., Estate, § 10, p. 22. However, in the case of this grant there was no defeasance or termination, for the condition affixed did not occur; the grantee died leaving living children; as pointed out, they are the appellants, who mistakenly claim in this action as remaindermen. See the South Carolina cases involving defeasible fees in 12 West S. E. Dig., Deeds, Key 125, p. 245 *et seq.*

The case is more like that of *Wilson v. Poston,* 129 S. C., 345, 123 S. E., 849, 853, than any other in our reports which has come to our attention, opinion by the able Justice Cothran. In the deed there construed no words of inheritance (as here) were in the granting clause which, how-

ever, contained a limitation over in event of death of the grantee without heirs (construed children) as here, and the habendum was also regular. The Court said: "The inconsistency of the habendum with the granting clause, however, is easily reconciled by giving it full effect in enlarging the implied life estate to a fee simple, retaining the conditional limitation, and converting the fee simple absolute into a fee simple defeasible."

Appellants' effort to offer evidence *aliunde* to throw ■ alleged light upon the grantor's intention is made without citation of precedent from this Court. Corpus Juris Secundum is relied upon but the excerpts in appellants' brief from that text refer in the first place to ambiguity in the deed, and we agree with the lower Court that there is no ambiguity in the instrument before us, hence there is no need to speculate upon the propriety of this proposition in any case. But see in this connection the interesting old cases of *Mowry v. Stogner*, 3 S. C., 251, and *Hammond v. Port Royal & A. R. R. Co.*, 15 S. C., 10. The second phase of the appeal must, therefore, be dismissed, as is the first.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.