17677

Mrs. Ertelle G. SMOAK, Mrs. Ruby G. McSpadden, J. Rembert Garris, and John A. Garris, Appellants, v. Mrs. Dora W. McCLURE, Respondent

(115 S. E. (2d) 55)

*Furman R. Gressette, Esq.,* of St. Matthews, *for Appellants,*

*Messrs. Charles B. Elliott,* of Columbia, and *Parler & Hamilton,* of St. George, *for Respondent,*

July 6, 1960.

OXNER, Justice.

The question presented is what estate was acquired by Ben Garris under the deed from his father, E. M. Garris, dated September 1, 1909, and recorded in the office of the Clerk of Court of Dorchester County on June 14, 1910. It recites a consideration "of the sum of the love and affection I have for my son and one Dollar". The granting clause reads:

"Do grant, bargain, sell and release unto the said Ben Garris, his natural life time, then to heirs or next of kin in case he has no heirs."

The habendum clause is regular in form, as follows:

"To have and to hold, all and singular, the said premises before mentioned unto the said Ben Garris, and his Heirs and Assigns forever."

The deed contains a general warranty to "Ben Garris or his heirs and assigns." The renunciation of dower by the wife of the grantor is "unto the within named Ben Garris, or his heirs or next nearest of kin Heirs and assigns."

Ben Garris died on May 5, 1957. He had five children. The oldest died at the age of ten months. The record does not disclose whether this child was born before or after the above deed was executed. The other four children were born subsequent to its execution and constitute the appellants on this appeal. They contend that their father, Ben Garris, only acquired a life estate under the above conveyance and as remaindermen they are now vested with fee simple title to the property. It is conceded that respondent through divers mesnes conveyances has acquired whatever title Ben Garris received under the foregoing deed. She and her predecessors in title have been in possession of the property under a claim of absolute ownership for 37 years. Ben Garris lost posession in 1923 through foreclosure proceedings.

The Master to whom the case was referred concluded that the word "heirs" in the granting clause was not used in its technical sense but to denote "children"; that Ben Garris acquired only a life estate with remainder in fee to his children but if he "died without leaving any children then the property would go to his next of kin"; that words of inheritance were not necessary as the deed should be construed as a covenant to stand seized to uses; that this construction of the granting clause rendered it in conflict with the habendum clause but under the well settled rule the former shall prevail; and that appellants, the only living children of the grantee, were now vested with fee simple title. The report of the Referee was reversed by the Circuit Judge who held that the deed conveyed to Ben Garris fee simple title and that it was immaterial, in view of the fact that he had living children when he conveyed it, whether such title be regarded as a fee simple absolute or a fee conditional.

The crucial question in the case is the meaning which should be given the word "heirs" in the granting clause. Appellants say that to construe this word in its technical sense would clearly thwart the intention of the grantor and that it should be construed as denoting "children".

While it is always open to inquiry whether the word "heirs" was used in a will or deed in its technical sense or in a more inaccurate sense to denote "children", there is a strong presumption that this word was used in its technical sense and it will not otherwise be construed unless it manifestly appears that such was the intent of the testator or grantor. *Bryant v. Britt,* 216 S. C. 299, 57 S. E. (2d) 535, 16 A. L. R. (2d) 666, and cases therein cited. It may be true, as argued by appellants, that the grantor was not familiar with the technical meaning of the word but as stated by the Court in *Jarecky v. Jarecky,* 194 S. C. 456, 9 S. E. (2d) 922, 924: "The theory that the popular signification of the word 'heirs' is that of 'children', and that where a will is drawn by a layman it might be assumed that he had this signification in mind, is of course completely untenable."

We find no language in this deed sufficient to overcome the presumption that the word "heirs" was used in its technical sense as a word of limitation. Appellants lay great stress upon the fact that after giving a life estate to Ben Garris in the granting clause there follows the phrase "then to heirs or next of kin in case he has no heirs." It is argued that the superadded provision for next of kin clearly negatives the idea that the word "heirs" was used in its technical sense. But we do not think this language is sufficient to destroy the effect of the ordinary meaning of the word.

In *Hull v. Hull,* 2 Strob. Eq. 174, it was held that a daughter took a fee conditional under a devise to her for life and "upon her death, then the said property is to go to the heirs of her body, if any, or should she die without issue" over. In *Surles v. McLaurin,* 94 S. C. 308, 77 S. E. 944, it was held that a devise to a son "for and during the term of his natural life, and then to the heirs of his body; but should he leave no such heirs, then the same shall be equally divided among my other heirs" gave the son a fee conditional estate.

The two cases just mentioned, along with others of a similar nature, were reviewed by us recently in *Woodle v. Tilghman,* 234 S. C. 123, 107 S. E. (2d) 4.

Emphasis is also placed by appellants upon the use of the word "and" in the habendum clause. This clause reads: "To Ben Garris, and his heirs and assigns forever." We do not think this is of any significance.

The deed in this case was executed long before the rule in *Shelley's case* was abolished in 1924. 33 St. 1140, Section 57-2 of the 1952 Code. Having concluded that the word "heirs" in the granting clause was used in its technical sense as a word of limitation, it is clear that the rule in *Shelley's case* applies and the fee passed to the grantee. As held by the Circuit Judge, it is immaterial whether this was a fee simple or fee conditional as the grantee had children living when he undertook to convey a fee simple estate. If the application of this rule is in conflict with what the testator intended, as is frequently the case, we are nevertheless bound to give it effect. As pointed out in *Hull v. Hull, supra,* 2 Strob. Eq. 174, "The rule is a rule of property, and not of construction: that is, if the terms of the instrument make a case which falls within its operation, it will operate notwithstanding a persuasion may exist that such was not the intention of the grantor or testator. The general intention of the law must prevail over his particular intention."

Strong support for our conclusion will be found in *Mc-Daniel v. Connor,* 206 S. C. 96, 33 S. E. (2d) 75. The Court there had under consideration a deed by a father, with reservation of a life estate, to his son in consideration of love and affection. The granting clause was to the son and "to his lawful heirs after him, and if he should die without any lawful heirs of his body, then it is to be the property of his other brothers and sisters then living equally divided between them." The habendum was regular in form to the grantee, his heirs and assigns forever. The Court held that

the grantee, to whom issue was born, acquired a fee simple title, subject to the life estate in the grantor. The decision was placed on several grounds. In the course of the discussion, the Court said: "If the phrase 'his lawful heirs after him' limited the grantee to a life estate with remainder to his heirs or the heirs of his body (the latter in view of the words of the defeasance clause), the Rule in *Shelley's Case* would apply and create in the grantee a fee simple (or conditional). \* \* \*"

In the instant case, as in the case of *McDaniel v. Connor, supra,* it is argued that the deed should be construed as a covenant to stand seized to uses. Since we have held it conveyed a fee simple to Ben Garris, there was no postponed enjoyment of a fee simple as is required for the creation of such a covenant.

Under the view that we have taken, there is no inconsistency between the granting and habendum clauses, as each conveyed the fee.

We find it unnecessary to pass upon the other grounds upon which the Court below sustained the title of respondent.

Affirmed.

Stukes, C. J., and Taylor, Legge and Moss, JJ., concur.