18402

Walker M. LANCASTER and Thelma S. Lancaster, Appellants, v.
SMITHCO, INC., Respondent

(144 S. E. (2d) 209)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellants,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Respondent,*

September 23, 1965.

*Per Curiam.*

This controversy between the parties has resulted in two prior appeals. 238 S. C. 15, 119 S. E. (2d) 145; 241 S. C. 451, 128 S. E. (2d) 915.

The plaintiffs brought the present action to recover for the alleged breach of the general warranty in a deed to real estate. The complaint alleged that a house and lot was conveyed by the defendant to the plaintiffs without exception as to an outstanding easement for a gas pipeline across the property, and that the covenant in the deed against encumbrances was thereby breached. The defendant, in addition to denying that the plaintiffs had suffered any damages, alleged in its answer, as a second defense, that the lot conveyed was described in the deed "as shown" on a recorded plat, upon which the easement was noted; and that, since the easement was shown on the plat, the conveyance was thereby made subject to the easement and constituted an exception thereof from the covenant against encumbrances. Upon the trial of the case, both the plaintiffs and the defendant made timely motions for a directed verdict. The motion of the defendant was granted and this appeal followed. Error is charged both in the granting of defendant's motion for a directed verdict in its favor and in the refusal of that of the plaintiffs.

The motion of the defendant for a directed verdict was made upon the grounds that (1) the easement in question

was excluded from the general warranty in the deed and (2) the question of damages had become moot because of the sale by the plaintiffs of the property involved. The lower court granted the defendant's motion only upon the first ground, but questions arising under the second have also been preserved on appeal by an additional sustaining ground filed by the defendant.

The defendant conveyed to the plaintiffs on June 21, 1956, by fee simple general warranty deed, a lot of land in Spartanburg County. The lot was part of a subdivision and was referred to in the deed "as Lot No. 10, Block 'C', as shown on plat by Gooch & Taylor, Surveyors, dated January 27, 1953 and recorded in Plat Book 29, page 198, 199 and 200 R.M.C. Office for Spartanburg County." The lot was then described by the correct metes and bounds, showing its dimensions as 80 x 240.1 feet.

The record shows that, at the time of the execution of the foregoing deed, Transcontinental Gas Pipeline Corporation held an easement, ninety feet in width across the lot conveyed to the plaintiffs, for the purpose of installing and maintaining an underground gas pipeline thereon. The easement was acquired on November 21, 1949 and was duly recorded upon the public records.

There was no specific mention or express exception in the deed to plaintiffs concerning the foregoing easement, but the surveyor showed on the plat a dotted line across the property in question with the words "Transcontinental Gas Pipeline Corp." written thereon and a notation "For right-of-way easement. See 16, N-354," the latter being the book and page number where the easement was recorded.

The plaintiffs contend that, since the easement was not expressly noticed in the deed, its existence constituted a breach of the general warranty. The defendants on the other hand take the position, sustained by the lower court, that the reference to the recorded plat in the description of the deed incorporated the plat, and the references thereon to the

easement, as a part of the description of the property, so as to make the conveyance subject to the easement and exclude the easement from the general warranty.

It is well settled that the general warranty in a deed of conveyance embraces the covenant that it is free from all encumbrances not excepted from its provisions. *Lessly v. Bowie,* 27 S. C. 193, 3 S. E. 199; *Jeter v. Glenn,* 9 Rich. 374.

It is not questioned in this case that the easement was an encumbrance which would fall within the covenant against encumbrances unless excluded from its provisions by the terms of the deed.

Neither are we concerned in this action with whether the plaintiffs had or were charged with knowledge of the easement. For, as held in *Sanders v. Boynton,* 112 S. C. 56, 98 S. E. 854, "It is settled, upon reason and authority, that knowledge by the grantee of a defect in his grantor's title is no defense to an action on the grantor's warranty of the title. Such knowledge may be the grantee's chief reason for requiring the warranty, and he may rely more upon his grantor's warranty than upon his own knowledge of the title."

Nor is any question of estoppel or dedication involved as was the case in *Corbin v. Cherokee Realty Co.,* 229 S. C. 16, 91 S. E. (2d) 542.

The first question to be decided then is whether the mere reference in the description of the property to the recorded plat, upon which the easement was shown, constituted an exclusion of the easement from the covenant against encumbrances.

The question as to the purpose and effect of a reference to a plat in a deed is ordinarily one as to the intention of the parties to be determined from the whole instrument and the circumstances surrounding its execution.

The only reference in the deed in this case to the plat was in connection with the description of the lot. There can be no doubt that such reference to the recorded plat made it a part of the deed for the purpose of showing the boundaries, metes, courses and distances of the property conveyed. Section 60-208, 1962 Code of Laws; *Lynch v. Lynch,* 236 S. C. 612, 115 S. E. (2d) 301.

A plat, however, is not an index to encumbrances, and the mere reference in a deed, as in this case, to a plat for descriptive purposes does not incorporate a notation thereon as to an easement held by a third party so as to exclude such easement from the covenant against encumbrances in the absence of a clear intention that it so operate.

It is not contended in this appeal that there was any other fact or circumstance present which would indicate an intention that the notation on the plat, as to the easement held by the third party, should act as an exclusion of the easement from the covenant. Under these circumstances, the easement in question was clearly within the covenant and the lower court was in error in directing a verdict for the defendant.

The defendant contends however that the judgment of the lower court should be affirmed upon the ground that the question of damages has now become moot.

The plaintiffs purchased the property from the defendant in June 1956 for the sum of $12,500.00. During the trial of the case in 1963, the plaintiffs sold the premises for $13,500.00, or the sum of $1000.00 more than they paid for it. Only a small portion of the testimony has been included in the record, but it is agreed that there was testimony that the plaintiffs had made additional expenditures on the property since its purchase by them and that building costs had increased in that period from 10% to 15%. It is the position of the defendant that the sale of the property seven years later for an amount in excess of the

purchase price conclusively shows that the plaintiffs have suffered no damage from the existence of the easement in question.

We do not think that the sale of the property for an amount in excess of the purchase price extinguished the claim of the plaintiffs. The record before us fails to show the relevancy of the value of the property at the time of the sale in 1963 to the issue of damages for the breach of the covenant. Assuming its relevancy, however, the testimony shows that the increased value may have resulted from improvements added by the plaintiffs and a general increase in building costs, factors which could not inure to the benefit of the defendant in the assessment of damages in the instant case.

The judgment of the lower court is accordingly reversed and the cause remanded for a new trial. *South Carolina Elec. & Gas Co. v. Aetna Ins. Co.*, 233 S. C. 557, 106 S. E. (2d) 276.

Reversed and remanded.