**21595**

George W. HAMMOND, Respondent, v. Ernest B. **LINDSAY,** Appellant.
(284 S. E. (2d) 581)

*V. Laniel Chapman, Joseph R. Barker* and *Jimmy R. King,* Anderson, *for appellant.*

*David Ross Clarke,* Mauldin, *for respondent.*

November 12, 1981.

*Per Curiam:*

This is a boundary line dispute involving land in Anderson County and a fence constructed by appellant. In 1915, respondent's father acquired title to this tract by deed which defined the boundaries in terms of distances, directions, natural monuments and cornerstones. Respondent's father had the property by a deed which described the property as that shown on the 1916 plat. The 1951 deed described the tract as follows:

All that certain tract of land situate in Honea Path, in the County of Anderson, State of South Carolina, containing one hundred four and three-eighths (104 3/8) acres, more or less, being bounded on the North by lands of James A. Campbell, on the East by C. O. Smith, on the South by C. O. Smith and on the West by lands of J. S. Ragsdale, and B. F. Hawknis, and being fully shown on a certain plat of the same made by William L. Mitchell, Surveyor, dated October 30, 1916, and hereto attached and made a part hereof, and being the same tract of land conveyed unto the said H. A. Hammond by J. J. Fretwell by deed dated August 23, 1915, and of record in the office of the County of Anderson, South Carolina, in Deed Book B-5, at page 81.

Respondent alleged that appellant's fence encroached upon his property. In order to find the existence of an encroachment, the boundaries described in the 1915 deed must control. There is no encroachment if the 1951 deed, incorporating the 1916 plat, establishes the boundaries.

Appellant contends that the lower court erred by not granting his motion for a directed verdict. We agree.

The construction of a clear and unambiguous deed in respect to the property conveyed is a question of law for the Court. 26 C. J. S. *Deeds* § 108 (1956).

As a general rule, when maps, plats, or field notes are referred to in a grant or conveyance, they are to be regarded as incorporated into the instrument and are usually held to furnish the true description of the boundaries of land. *Hobonny Club, Inc. v. McEachern,* 272 S. C. 392, 252 S. E. (2d) 133 (1979); *Holly Hill Lumber Co. v. Grooms,* 198 S. C. 118, 16 S. E. (2d) 816 (1941); 11 C. J. S. *Boundaries* § 24 (1938). Since respondent received the property by way of the 1951 deed describing the property as that shown on the 1916 plat, we hold that he is limited to that description. This is especially true in view of the fact that respondent, on at least five occasions, sold lots from this tract by deeds referring to the 1916 plat.

Accordingly, we hold that the 1951 deed incorporating the 1916 plat established the true boundaries of the property in question.

We hold, therefore, that the lower court erred by not directing a verdict in favor of appellant. We reverse and remand for entry of judgment in favor of appellant.

Reversed and remanded.