635 S.E.2d 660

**Kenneth E. BENNETT, Richard K. Bennett, James M. Hendershot, and Robert N. Parker, III, Plaintiffs,**

v.

**INVESTORS TITLE INSURANCE COMPANY, Defendant.**

**Investors Title Insurance Company, Appellant,**

v.

**Crescent Resources, LLC; Bristol, LLC and CBS Surveying & Mapping, Inc., Defendants,**

**Of Whom Crescent Resources, LLC is the Respondent.**

**No. 4153.**

Court of Appeals of South Carolina.

Heard Sept. 9, 2006.

Decided Sept. 25, 2006.

562

564

Louis H. Lang, of Columbia, for Appellant.

Benjamin A. Johnson and Stephen A. Cox, both of Rock Hill, and V. Clark Price, of Greenville, for Respondent.

ANDERSON, J.:

In this indemnification action, Investors Title Insurance Company appeals the circuit court's grant of summary judgment to Crescent Resources, LLC. On appeal, Investors argues the circuit court erred in failing to hold Crescent liable for an alleged breach of a deed covenant. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On December 28, 2001, Crescent conveyed 47.82 acres of real property in Oconee County (the Property) to Bristol, LLC, for $2.5 million. The deed from Crescent to Bristol (the Deed), entitled "Special Warranty Deed," contains a granting clause referring to an attached property description, which, in turn, incorporates a plat (the Plat). CBS Surveying and Mapping, Inc., prepared the Plat for Crescent. The Plat shows a sixty-six foot right-of-way, entitled "SC 188 KEOWEE SCHOOL RD (66' R/W)," on the western boundary of the Property.

The habendum clause of the Deed reads, in pertinent part: **TO HAVE AND TO HOLD** all and singular the Property, unto the said Grantee and Grantee's heirs, successors and assigns forever, except:

. . . .

(5) matters affecting title to the Property as shown on the Plat or which would be shown on a current and accurate survey of the Property (including any encroachments);

(6) easements, covenants, restrictions and conditions of record, and rights-of-way of public and private streets and roads, including, but not limited to, the road shown on the Plat as "old road bed" and the sixty-six (66) foot wide road right-of-way shown on the Plat as "SC 188 Keowee School Road (66' R/W)". . . .

The Deed further provides Crescent "covenants to warrant specially the title to the Property against the lawful claims of any person claiming from, through, or under it."

Later on the same day, Bristol conveyed the Property by general warranty deed to Kenneth E. Bennett, Richard K. Bennett, James M. Hendershot, and Robert N. Parker, III, (collectively Plaintiffs), for $2.85 million. On January 4, 2002, Plaintiffs procured from Investors an owner's title insurance policy (the Policy) covering the Property.

Plaintiffs developed the Property and built two brick walls at the entrance near Highway 188. The South Carolina Department of Transportation (SCDOT) notified Plaintiffs the walls had been built within SCDOT's right-of-way. The right-of-way easement, dated August 1, 1968, and recorded at SCDOT, shows Crescent granted a 200 foot right-of-way for Highway 188 to SCDOT.[1] *See* S.C.Code Ann. § 57–5–550 (2006) (directing all rights-of-way for state highways be filed at SCDOT).

After Plaintiffs notified Investors of a possible title insurance claim, Investors offered Plaintiffs $64,000 to settle the claim. Plaintiffs accepted the $64,000 in settlement of its claim for actual damages, leaving a claim for consequential damages outstanding. Having failed to fully settle the claim, Plaintiffs filed a complaint against Investors on June 26, 2003, alleging breach of the title insurance contract and bad faith. Investors answered the complaint and later filed an amended answer, adding a third-party complaint against Crescent, Bristol, and CBS.

In its third-party complaint, Investors sought indemnity from Crescent, alleging it breached the special warranty clause in the Deed. Moreover, Plaintiffs later amended their complaint to allege a breach of the Deed's warranty clause by Crescent and Bristol and negligence by CBS. Crescent filed separate answers to Investors' third-party complaint and Plaintiffs' amended complaint.

Investors moved for summary judgment against Plaintiffs. Subsequently, Crescent moved for summary judgment against

---

1. Crescent Resources, LLC conveyed the Property to Bristol. The Deed indicates Crescent Resources, LLC is "a successor by merger and conversion to Crescent Resources, Inc., whose name was changed from Crescent Land and Timber Corp." Crescent Land and Timber Corp. granted the easement to SCDOT.

Investors and Plaintiffs.[2] The circuit court granted Crescent's motion for summary judgment against both Plaintiffs and Investors, holding exceptions (5) and (6) in the habendum clause of the Deed limited Crescent's special warranty. Furthermore, the circuit court applied its ruling to Investors, finding Investors could not recover more than Plaintiffs.

Investors moved to alter or amend this order. The circuit court denied this motion but made minor factual corrections and entered an amended order. The circuit court also granted summary judgment to Investors against Plaintiffs. This appeal followed.

## STANDARD OF REVIEW

■ When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006); *Miller v. Blumenthal Mills, Inc.*, 365 S.C. 204, 219, 616 S.E.2d 722, 729 (Ct.App.2005). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *Law v. S.C. Dep't of Corrections*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006); *Eagle Container Co., LLC v. County of Newberry*, 366 S.C. 611, 620, 622 S.E.2d 733, 737 (Ct.App.2005). If triable issues exist, those issues must go the jury. *Mulherin–Howell v. Cobb*, 362 S.C. 588, 595, 608 S.E.2d 587, 591 (Ct.App.2005). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Law*, 368 S.C. at 434, 629 S.E.2d at 648; *BPS, Inc. v. Worthy*, 362 S.C. 319, 325, 608 S.E.2d 155, 159 (Ct.App.2005). On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to

---

2. This motion is not included in the record.

the non-moving party below. *Sloan v. Friends of Hunley, Inc.,* 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006); *see also Schmidt v. Courtney,* 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct.App.2003) (stating that all ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party).

Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Gadson v. Hembree,* 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005); *Miller,* 365 S.C. at 220, 616 S.E.2d at 729; *Montgomery v. CSX Transp., Inc.,* 362 S.C. 529, 608 S.E.2d 440 (Ct.App.2004). Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Nelson v. Charleston County Parks & Recreation Comm'n,* 362 S.C. 1, 5, 605 S.E.2d 744, 746 (Ct.App.2004). However, when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted. *Rife v. Hitachi Const. Mach. Co., Ltd.,* 363 S.C. 209, 214, 609 S.E.2d 565, 568 (Ct.App.2005); *Ellis v. Davidson,* 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct.App. 2004).

The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact. *Jones v. State Farm Mut. Auto. Ins. Co.,* 364 S.C. 222, 228, 612 S.E.2d 719, 722 (Ct.App.2005). The moving party may discharge the burden of demonstrating the absence of a genuine issue of material fact by pointing out the absence of evidence to support the nonmoving party's case. *Lanham v. Blue Cross and Blue Shield of South Carolina, Inc.,* 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. *Wogan v. Kunze,* 366 S.C. 583, 591, 623 S.E.2d 107, 112 (Ct.App.2005). The nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Rife,* 363 S.C. at 214, 609 S.E.2d at 568.

The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact

finder. *Dawkins v. Fields,* 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003); *Eagle Container,* 366 S.C. at 621, 622 S.E.2d at 738; *Rumpf v. Massachusetts Mut. Life Ins. Co.,* 357 S.C. 386, 393, 593 S.E.2d 183, 186 (Ct.App.2004). Because it is a drastic remedy, summary judgment should be cautiously invoked to ensure that a litigant is not improperly deprived of a trial on disputed factual issues. *Helena Chem. Co. v. Allianz Underwriters Ins. Co.,* 357 S.C. 631, 644, 594 S.E.2d 455, 462 (2004); *Wogan,* 366 S.C. at 592, 623 S.E.2d at 112; *B & B Liquors, Inc. v. O'Neil,* 361 S.C. 267, 270, 603 S.E.2d 629, 631 (Ct.App. 2004).

### *LAW/ANALYSIS*

Investors contends the circuit court erred in holding exceptions (5) and (6) in the habendum clause of the Deed limited Crescent's special warranty. Investors argues: (1) the granting clause and its incorporation of the Plat created a representation or covenant of the width of SCDOT's right-of-way; (2) exceptions (5) and (6) in the Deed's habendum "cuts down" the fee simple estate conveyed in the granting clause, rendering the habendum repugnant to the granting clause; (3) the habendum and granting clause are inconsistent, making the Deed ambiguous; and (4) the Deed's special warranty automatically protects Bristol and subsequent purchasers against claims created by Crescent; otherwise, the Deed would be a quitclaim deed. We disagree.

### I. Construction of the Deed

The construction of a clear and unambiguous deed is a question of law for the court. *Hammond v. Lindsay,* 277 S.C. 182, 184, 284 S.E.2d 581, 582 (1981); *Hunt v. Forestry Comm'n,* 358 S.C. 564, 568, 595 S.E.2d 846, 848 (Ct.App.2004); *see also Vause v. Mikell,* 290 S.C. 65, 68, 348 S.E.2d 187, 189 (Ct.App.1986) ("The construction of an unambiguous deed is a question of law, not fact."). " '[I]t is the duty of the court to construe deeds and determine their legal effect, where there is no such ambiguity as requires parol proof and submission to the jury.' " *Hunt,* 358 S.C. at 569, 595 S.E.2d at 848 (quoting 26A C.J.S. *Deeds* § 168 (2001)).

"One of the first canons of construction of a deed is that the intention of the grantor must be ascertained and effectuated if no settled rule of law is contravened." *S. Ry.*

*Co. v. Smoak,* 243 S.C. 331, 336, 133 S.E.2d 806, 808 (1963); *Wayburn v. Smith,* 270 S.C. 38, 41, 239 S.E.2d 890, 892 (1977); *Estate of Sherman,* 359 S.C. at 413, 597 S.E.2d at 853; *see also McDaniel v. Connor,* 206 S.C. 96, 100, 33 S.E.2d 75, 76 (1945) ("As has many times been said, the governing principle in the construction of deeds is that the intention of the grantor, if consistent with law, shall govern."). Moreover, in ascertaining such intention the deed must be construed as a whole, and effect given to every part thereof, if such can be done consistently with law. *Wayburn,* 270 S.C. at 42, 239 S.E.2d at 892; *Bean v. Bean,* 253 S.C. 340, 343, 170 S.E.2d 654, 655 (1969); *Alexander v. Burnet,* 39 S.C.L. (5 Rich.) 189, 196 (1851); *see also First Carolinas Joint Stock Land Bank of Columbia v. Ford,* 177 S.C. 40, 46, 180 S.E. 562, 565 (1935) ("Larger and more sensible rules of construction require that the whole deed should be considered together, and effect be given to every part, if all can stand together consistently with law. . . .").

## II. The Deed's Clauses

 Initially, we address the legal effect of the clauses in the Deed. The term "premises" is used to refer to "all that part of [a] deed preceding the habendum clause, containing generally the names or description of the parties; explanatory recitals, including consideration and its receipt; a description of the realty; the exception, if any; and sometimes a designation of the estate or interest conveyed." 26A C.J.S. *Deeds* § 35 (2001); *see also Artis v. Artis,* 228 N.C. 754, 47 S.E.2d 228, 232 (1948) ("Ordinarily the premises and granting clauses designate the grantee and the thing granted, while the habendum clause relates to the quantum of the estate.").

In South Carolina, the term "granting clause" is used. This court, in *Hunt v. Forestry Comm'n,* 358 S.C. 564, 566–67, 595 S.E.2d 846, 847 (Ct.App.2004), referred to the following language in a deed as the "granting clause:"

The First Carolinas Joint Stock Land Bank of Columbia . . . [has] granted, bargained, sold and released, and by these presents [does] grant, bargain, sell and release unto the said [SCFC] and their successors in office all that certain piece. . . .

(emphasis removed); *see also Estate of Sherman ex rel. Maddock v. Estate of Sherman ex rel. Snodgrass,* 359 S.C.

407, 409, 597 S.E.2d 850, 850–51 (Ct.App.2004) (referring to similar language in another deed as the "granting clause"). The granting clause in Crescent's deed to Bristol incorporates an attached property description which, in turn, incorporates the Plat.

The Latin phrase "habendum et tenendum" means "to have and to hold." *Black's Law Dictionary* 716 (7th ed. 1999). Thus, in *Hunt,* 358 S.C. at 567, 595 S.E.2d at 847, this court quoted the habendum clause in that deed: "To Have and to Hold all and singular the premises before mentioned unto the said [SCFC] and their successors in office, and assigns forever." (emphasis removed); *see also Smoak v. McClure,* 236 S.C. 548, 549, 115 S.E.2d 55, 55 (1960) ("The habendum clause is regular in form, as follows: 'To have and to hold, all and singular, the said premises before mentioned unto the said Ben Garris, and his Heirs and Assigns forever.' ").

The habendum "is the clause usually following the granting part of the premises of a deed, which defines the extent of the ownership in the thing granted to be held and enjoyed by the grantee." 26A C.J.S. *Deeds* § 36 (2001). Accordingly, in South Carolina, "the estate conveyed by the deed must be determined from the whole deed including the habendum clause." *Batesburg–Leesville Sch. Dist. No. 3 v. Tarrant,* 293 S.C. 442, 445, 361 S.E.2d 343, 345 (Ct.App.1987). Luculently, the habendum in the Deed is the section beginning "TO HAVE AND TO HOLD . . ."

The habendum in the Deed to Bristol is followed by Crescent's covenant to Bristol whereby Crescent "covenants to warrant specially the title to the Property against the lawful claims of any person claiming from, through, or under it." "The doctrine of caveat emptor . . . has, in the absence of fraud and misrepresentation long governed the obligations of the parties in the sale of real estate in this State." *Rutledge v. Dodenhoff,* 254 S.C. 407, 412, 175 S.E.2d 792, 794 (1970). In South Carolina, the purchaser of unimproved land must covenant to protect whatever special rights or interests he presumes to acquire in the land. *Jackson v. River Pines, Inc.,* 276 S.C. 29, 31, 274 S.E.2d 912, 913 (1981); *see also* 21 C.J.S. *Covenants* § 14 (1990) ("The only protection of title afforded a purchaser of land is in the covenants contained in the deed.").

In *Martin v. Floyd*, 282 S.C. 47, 51, 317 S.E.2d 133, 136 (Ct.App.1984), this court explained:

A South Carolina general warranty deed embraces all of the following five covenants usually inserted in fee simple conveyances by English conveyors: (1) that the seller is seized in fee; (2) that he has a right to convey; (3) that the purchaser, his heirs and assigns, shall quietly enjoy the land; (4) that the land is free from all encumbrances; and (5) for further assurances.

A grantor seeking to include all of the common law covenants of title may use the language in section 27–7–10 of the South Carolina Code to carry out this effect. The statute reads:

The following form or purport of a release shall, to all intents and purposes, be valid and effectual to carry from one person to another or others the fee simple of any land or real estate if it shall be executed in the presence of and be subscribed by two or more credible witnesses:

The State of South Carolina.

Know all men by these presents that I, A B, of _____, in the State aforesaid, in consideration of the sum of ____ dollars, to me in hand paid by C D of _____ County, State of _____, the receipt of which is hereby acknowledged, have granted, bargained, sold and released and by these presents do grant, bargain, sell and release unto the said C D all that (here describe the premises), together with all and singular the rights, members, hereditaments and appurtenances to said premises belonging or in any wise incident or appertaining; to have and to hold all and singular the premises before mentioned unto said C D, his heirs and assigns, forever. And I do hereby bind myself, my heirs, executors, and administrators, to warrant and forever defend all and singular said premises unto said C D, his heirs and assigns, against myself and my heirs and against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

Witness my hand and seal this ____ day of _____ in the year of our Lord _____ and in the ____ year of the independence of the United States of America. _____ [L.S.]

S.C.Code Ann. § 27–7–10 (Supp.2005); *see* 17 S.C. Jur. *Covenants* § 32 (Supp.2005). However, section 27–7–10 does not preclude the grantor from using other warranty language in a deed.

Section 27–7–10 shall be so construed as not to oblige any person to insert the clause of warranty or to restrain him from inserting any other clause in conveyances, as may be deemed proper and advisable by the purchaser and seller, or to invalidate the forms formerly in use within this State.

S.C.Code Ann. § 27–7–20 (Supp.2005).

A "special warranty" is "[a] warranty against any person's claim made by, through, or under the grantor or the grantor's heirs." *Black's Law Dictionary* 1581 (7th ed. 1999). For example, the deed at issue in *Knotts v. Joiner*, 217 S.C. 99, 102, 59 S.E.2d 850, 851 (1950), "was a printed form but the warranty clause was so stricken with pen as to change it from the usual general warranty to a special warranty, that is, against the heirs of the grantor only." A quitclaim deed, on the other hand, does not convey the fee, but only the right, title, and interest of the grantor. *Martin v. Ragsdale*, 71 S.C. 67, 77, 50 S.E. 671, 674 (1905).

### III. Incorporation of the Plat

Investors' initial argument that the incorporation of the Plat creates a representation or covenant of the width of SCDOT's right-of-way completely ignores the habendum and warranty clauses.

"The question as to the purpose and effect of a reference to a plat in a deed is ordinarily one as to the intention of the parties to be determined from the whole instrument and the circumstances surrounding its execution." *Lancaster v. Smithco, Inc.*, 246 S.C. 464, 468, 144 S.E.2d 209, 211 (1965). When a deed describes land as shown on a certain plat, such plat becomes part of the deed for the purpose of showing the boundaries, metes, courses and distances of the property conveyed. *Hobonny Club, Inc. v. McEachern*, 272 S.C. 392, 397, 252 S.E.2d 133, 136 (1979); *Carolina Land Co., Inc. v. Bland*, 265 S.C. 98, 105, 217 S.E.2d 16, 19 (1975); *see also Holly Hill Lumber Co. v. Grooms*, 198 S.C. 118, 135, 16 S.E.2d 816, 823 (1941) (" 'As a general rule, when maps, plats,

or field notes are referred to in a grant or conveyance they are to be regarded as incorporated into the instrument and are usually held to furnish the true description of the boundaries of the land . . . . ' ' ").

In *Blue Ridge Realty Co. v. Williamson,* 247 S.C. 112, 118, 145 S.E.2d 922, 925 (1965), our Supreme Court stated the general rule that when the owner of land has it subdivided and platted into lots and streets and sells and conveys lots with reference to the plat, he thereby dedicates said streets to the use of such lot owners, their successors in title and the public. *See also Carolina Land Co.,* 265 S.C. at 105, 217 S.E.2d at 19. Thus, the purchaser of lots with reference to the plat of the subdivision acquired every easement, privilege and advantage shown upon said plat, including the right to the use of all the streets, near or remote, as laid down on the plat by which the lots were purchased. *Blue Ridge,* 247 S.C. at 119–20, 145 S.E.2d at 925; *Carolina Land Co.,* 265 S.C. at 105, 217 S.E.2d at 19.

In *Lancaster,* 246 S.C. at 469, 144 S.E.2d at 211, "[t]he only reference in the deed in th[e] case to the plat was in connection with the description of the lot." Therefore, such reference to the recorded plat made it a part of the deed for the purpose of showing the boundaries, metes, courses and distances of the property conveyed. *Id.* In that case, our Supreme Court edified:

> A plat, however, *is not an index to encumbrances, and the mere reference in a deed,* as in this case, *to a plat for descriptive purposes does not incorporate a notation thereon as to an easement held by a third party* so as to exclude such easement from the covenant against encumbrances in the absence of a clear intention that it so operate.

*Id.* (emphasis added).

Both *Blue Ridge* and *Lancaster* looked to the intention of the parties in incorporating a plat to determine its effect. In the present case, a reading of the Deed as a whole reveals the parties used the Plat as a reference to the boundaries, metes, courses and distances of the property conveyed. Crescent put the burden of obtaining an accurate survey on Plaintiffs and excluded from its grant "matters affecting title to the Property as shown on the Plat," matters "which would be shown on a current and accurate survey of the Property," and rights-of-

way of public streets and roads. Moreover, Investors does not dispute that "[t]he actual dimensions and location of a highway right-of-way are things that will be revealed by a current and accurate survey of the property prepared by the surveyor." Accordingly, we hold the intention of the parties in incorporating the Plat, when discerned from the Deed as a whole, was to show the boundaries, metes, courses and distances of the property conveyed, rather than represent or warranty the width of SCDOT's right-of-way.

## IV. The Habendum

Investors' second contention that the habendum of the Deed is repugnant to or inconsistent with its granting clause is without merit. We recognize "when the estates given in the granting clause and the habendum of a deed are so repugnant to each other as not to be susceptible of any reasonable reconciliation, the granting clause will control and the habendum will be rejected as void." *Glasgow v. Glasgow,* 221 S.C. 322, 327, 70 S.E.2d 432, 434 (1952). When the granting clause in a deed purports to convey a fee simple absolute title, subsequent provisions of the deed cannot diminish that granted or deprive the grantee of the incidents of ownership in the property. *Shealy v. S.C. Elec. & Gas Co.,* 278 S.C. 132, 135, 293 S.E.2d 306, 308 (1982). In *Porter v. Ingram,* 16 S.C.L. (Harp.) 492, 493–94 (1824), the Constitutional Court of Appeals of South Carolina held "when the premises are complete and perfect and the habendum is at variance with them, and they cannot stand together, the habendum is void." *See also Rhodes v. Black,* 170 S.C. 193, 202, 170 S.E. 158, 161 (1933) ("Where the habendum is repugnant to or irreconcilable with the grant, it will be rejected, and the grant will prevail.").

Investors essentially asserts SCDOT's right-of-way, an easement, reduces the fee simple grant by the total acreage of the easement. This position directly contravenes established law in South Carolina. In *Douglas v. Med. Investors, Inc.,* 256 S.C. 440, 445, 182 S.E.2d 720, 722 (1971), respondent contended the reservation of an easement in a deed was "repugnant to the fee simple title granted and is, therefore, ineffective." Our Supreme Court noted:

'An easement is a right which one person has to use the land of another for a specific purpose.' *Steele v. Williams,*

204 S.C. 124, 28 S.E.2d 644; and 'gives no title to the land on which the servitude is imposed,' *Morris v. Townsend,* 253 S.C. 628, 172 S.E.2d 819. An easement is therefore not an estate in lands in the usual sense.' *Id.* Thus, the court held the easement in that case "in no way cut down the fee simple estate conveyed" and, therefore, "the reservation of the easement following the description in the deed was not repugnant to the fee simple title conveyed in the granting clause." *Id.* at 445–46, 182 S.E.2d at 722.

Reading the Deed as a whole, the granting clause conveyed fee simple title in 47.82 acres of property to Bristol. The habendum then defines "the extent of the ownership in the thing granted to be held and enjoyed by the grantee." 26A C.J.S. *Deeds* § 36 (2001). In the instant case, the habendum is not repugnant to or inconsistent with the granting clause. Therefore, we conclude the habendum is not void, and the Deed is not ambiguous.

## V. Limitation of Special Warranty

Investors maintains the special warranty clause in the Deed automatically provides protection against prior encumbrances created by Crescent. To hold otherwise allegedly would render it a quitclaim deed. A special warranty binds the grantor and the grantor's heirs. *See Knotts v. Joiner,* 217 S.C. 99, 102, 59 S.E.2d 850, 851 (1950). However, "[t]he grantor can, and often does, limit [covenants] so as to exclude existing encumbrances." G.W. Thompson, *Thompson on Real Property* § 82.10(c)(3) (Supp. 2005); *see* § 27–7–20; *see also Steele v. McRaney,* 855 So.2d 1114, 1122–23 (Ala.Civ.App.2003) (finding language grantee would take "subject to" matters a survey or inspection of the property would have uncovered prevented grantee from prevailing in breach of deed covenant claim); *Kamenar R.R. Salvage, Inc. v. Ohio Edison Co.,* 79 Ohio App.3d 685, 607 N.E.2d 1108, 1113 (1992) (finding when a deed provides grantee would take subject to "the state of facts which a personal inspection or accurate survey would disclose," grantee has no claim against grantor for power line easement).

Here, exceptions (5) and (6) in the habendum clause of the Deed limit Crescent's special warranty to Bristol. Specifically, the exceptions put Bristol and subsequent pur-

chasers on notice Crescent was not covenanting the Plat, matters which would be uncovered by a current and accurate survey, or public rights-of-way. In this respect, Crescent did not covenant the Property would be free from all encumbrances. Instead, in keeping with section 27–7–20, Crescent limited its covenant to encumbrances not excepted through the habendum clause. The circuit court did not err in finding exceptions (5) and (6) of the habendum clause limited Crescent's special warranty.

## CONCLUSION

We hold Crescent did not represent or covenant the width of SCDOT's right-of-way by incorporating the Plat. Moreover, the habendum clause in the Deed is not repugnant to or inconsistent with the grant. Concomitantly, the habendum is not void, and the Deed is not ambiguous. The circuit court correctly held exceptions (5) and (6) of the habendum limited Crescent's special warranty. Accordingly, the circuit court's order is

**AFFIRMED.**

KITTREDGE, J. and SHORT, J., concur.

