**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Edward R. Kelly and Deirdre O. Kelly, Appellants,

v.

Allen S. McCombs and Benjamin James Russell, Respondents.

Appellate Case No. 2016-002176

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2019-UP-308
Heard March 14, 2019 – Filed August 28, 2019

**AFFIRMED**

Brian Scott McCoy and Danielle Rose Scimeca, both of McCoy Law Firm, LLC, of Rock Hill, for Appellants.

N. Beth Ramsey Faulkner, of Faulkner Law Firm, LLC, of York, and James W. Boyd, of James W. Boyd Law Firm LLC, of Rock Hill, both for Respondents.

**PER CURIAM:** Edward R. Kelly and Deirdre O. Kelly (collectively, the Kellys) appeal the trial court's order refusing to enforce a right of first refusal. We affirm.

We disagree with the Kellys' argument the trial court erred in holding the right of first refusal was enforceable only against Henry McCombs (Henry).[1]  The deed from the Kellys to Henry did not extend the right of first refusal to Henry's successors, heirs, or assigns.  *See Bennett v. Inv'rs Title Ins. Co.*, 370 S.C. 561, 570, 635 S.E.2d 660, 665 (Ct. App. 2006) ("One of the first canons of construction of a deed is that the intention of the grantor must be ascertained and effectuated if no settled rule of law is contravened." (quoting *S. Ry. Co. v. Smoak*, 243 S.C. 331, 336, 133 S.E.2d 806, 808 (1963))); *id.* at 571, 635 S.E.2d at 665 ("Moreover, in ascertaining such intention the deed must be construed as a whole, and effect given to every part thereof, if such can be done consistently with law." (citing *Wayburn v. Smith*, 270 S.C. 38, 41-42, 239 S.E.2d 890, 892 (1977))); *Webb v. Reames*, 326 S.C. 444, 446, 485 S.E.2d 384, 385 (Ct. App. 1997) (stating a right of first refusal is a preemptive right); 61 Am. Jur. 2d *Perpetuities, Etc.* § 92 (2012) ("Any restriction or prohibition against transfer acts as a restraint on alienation and should be strictly construed against the party urging the restriction.").

As the trial court noted, the right of first refusal provision lacked the language found in a restriction on the property pertaining to mobile homes that made the restriction binding on Henry and "his successors or assigns or heirs."  *See Evins v. Richland Cty. Hist. Pres. Comm'n*, 341 S.C. 15, 19, 532 S.E.2d 876, 878 (2000) ("'[T]he maxim "Expressio unius est exclusio alterius"' is defined as: 'When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred.'" (alteration by court) (quoting *Little v. Town of Conway*, 171 S.C. 27, 31, 171 S.E. 447, 448 (1933))); *Atlanta Skin & Cancer Clinic, P.C. v. Hallmark Gen. Partners, Inc.*, 320 S.C. 113, 119, 463 S.E.2d 600, 604 (1995) (stating the rule "expressio unius est exclusio alterius" means the "enumeration of particular things excludes [the] idea of something else not mentioned" (citing *Pa. Nat'l Mut. Cas. Ins. Co. v. Parker*, 282 S.C. 546, 554, 320 S.E.2d 458, 463 (Ct. App. 1984))).  Thus, while the parties knew how to make a restriction binding on Henry and his successors, assigns, and heirs, they chose not to employ this language in the right of first refusal provision.

---

[1] The Kellys acknowledge the right of first refusal did not apply to Henry's transfer of the Property to Henry's son Allen McCombs (Allen) as this transaction was a gift.  *See McLeod v. Sandy Island Corp.*, 265 S.C. 1, 11, 216 S.E.2d 746, 750 (1975) (holding a right of first refusal only applied when the property was sold and did not apply to a donative transfer).

Furthermore, "absent evidence of intent, preemptions are generally construed to be nontransferable." *Ryan v. Lawyers Title Ins. Corp.*, 959 N.E.2d 870, 876 (Ind. Ct. App. 2011) (footnote omitted) (citing *Shower v. Fischer*, 737 P.2d 291, 295 (Wash. Ct. App. 1987)); *see Park Station Ltd. P'ship, LLLP v. Bosse*, 835 A.2d 646, 655 (Md. 2003) ("[R]ights of first refusal are presumed to be personal and are not ordinarily construed as transferable or assignable unless the particular clause granting the right refers to successors or assigns or the instrument otherwise clearly shows that the right was intended to be transferable or assignable."); *Waterstradt v. Snyder*, 194 N.W.2d 389, 390 (Mich. Ct. App. 1971) (holding a right of first refusal to repurchase property was not binding on a personal representative, because "[i]f the grantors had meant to bind her personal representative, her successors in title, or assigns (assuming they could), they should have said so" (footnote omitted)); *Kershner v. Hurlburt*, 277 S.W.2d 619, 623 (Mo. 1955) (holding because the contract did not include a specific provision that it would be binding upon the heirs and assigns of the parties or any indication in the contract that the parties intended its terms would be binding beyond the lives of the parties, a right of first refusal was personal to the parties to the contract); *Old Nat'l Bank of Wash. v. Arneson*, 776 P.2d 145, 148 (Wash. Ct. App. 1989) ("Absent evidence of intent, preemptive rights are generally construed to be nontransferable.").

We find the Kellys' assertion the deed contained the requisite language in the granting clause to make the right of first refusal run with the land is not preserved for our review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding an issue is not preserved when the trial court does not explicitly rule on a question and the appellant fails to make a Rule 59(e), SCRCP, motion to alter or amend the judgment on that ground).

We find no merit to the Kellys' argument the trial court's ruling leads to an absurd result because Henry could have immediately circumvented the right of first refusal by transferring the Property to his son. Sixteen years passed between the deed to Henry and the quitclaim deed to Allen. Thus, we do not need to decide whether equity would have offered relief under the situation posited by the Kellys.

We hold that without a specific provision in the deed that the right of first refusal was binding upon Henry's heirs and assigns, the obligation of the right was personal to Henry. The Kellys knew or should have known when reserving the right of first refusal, they were reserving a contingent, nonvested interest and

Henry might never choose to sell the property.  *See Webb*, 326 S.C. at 446, 485 S.E.2d at 385 ("This pre[]emptive right is a contingent, nonvested interest in that the grantee . . . might never choose to sell the property.").  We find the transfers of the property did not violate the Kellys' preemptive right as this right never ripened because Henry never sold the Property.

As the above issues are dispositive, we need not address the Kellys' remaining arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**