HEARD NOV. TERM, 1871.

## WELSH *vs.* DAVIS.

Equity is not the proper forum in which to claim damages for breach of a covenant of warranty; nor is petition the proper form of remedy.

To understand this application, resort must be had to the case, as reported, ante, p 110.

March 8, 1872.   The opinion of the Court was delivered by

WILLARD, A. J.   At the last term, the petition in this cause was determined.   (*Welsh* vs. *Davis*, ante, p. 110.)   The respondent now moves for a modification of the decree that will enable him to proceed on his petition against A. J. Kibler, as administrator of J. A. Cunningham.   The petition sought the satisfaction of the respondent's demand, out of the assigned estate.   The decree of the Circuit Court considered the single question, whether the respondent was entitled to payment out of the assigned estate.   That decree having been reversed, on grounds that denied the respondent's claim to satisfaction out of the assigned estate, the petition was properly dismissed, unless it could be retained for the purpose of charging Kibler, as administrator, in respect of the covenant of warranty made by his intestate during his life time.

No sufficient ground appears for pursuing this demand in equity. The primary mode of enforcing such obligation is by an action

at law, and recourse cannot be had to equity when there is an adequate legal remedy; nor is there a *devastavit*, threatened waste, insolvency of the estate, nor want of responsibility of the administrator alleged, as ground of seeking exceptional relief in equity. *Holmes* vs. *Ragsdale*, 1 S. C., 91.

If ground for proceeding in equity existed, the petition is not the formal remedy, and it cannot be retained for any such purpose.

The decision of this Court cannot prejudice any demand that the respondent may seek to establish against A. J. Kibler, inasmuch as the liability of the latter was no part of the question before the Court.

The motion should be denied.

*Moses*, C. J., *Wright*, A. J., concurred.