## 0170

Woodrow MARTIN and Edwin Floyd, Respondents, v. J. Bryan FLOYD and Heritage Shores, Ltd., Appellants.

(317 S. E. (2d) 133)

Court of Appeals

*Stevens, Stevens, Thomas, Hearn & Hearn,* Myrtle Beach, *for appellant Floyd. O. A. Rankin,* Conway, *for appellant Heritage Shores, Ltd., for appellant.*

*D. W. Green, Jr.,* of *Green, Sasser & Beverly,* Conway, *for respondents.*

Heard Feb. 28, 1984.

Decided May 14, 1984.

GARDNER, Judge:

This is an appeal from an order overruling appellants' demurrer to respondents' second amended complaint. We reverse.

In May of 1973, appellant Bryan Floyd (seller) conveyed four lots located in the Heritage Shores Subdivision, Cherry Grove Section of North Myrtle Beach, to respondents Woodrow Martin and Edwin Floyd (purchasers) for a consideration of $48,000. Appellant Heritage Shores, Ltd. (Heritage) is the

seller's immediate predecessor in title, having conveyed the property to the seller in 1970.

The conveyance by the seller to the purchasers was by general warranty deed and subject to certain restrictive covenants prohibiting the use of the land for anything other than private residences, boarding houses, or clubhouse purposes. At the time of sale, none of the four lots had been developed and were still either in the salt marsh or underwater.

The purchasers' initial amended complaint asserted the appellants had breached the warranty of quiet enjoyment, the warranty of freedom from encumbrances and the warranty of further assurances contained in the general warranty deed because the lots were not suitable for residential purposes.

Appellants demurred to respondents' first amended complaint, and the Honorable James M. Morris sustained that demurrer, permitting the purchasers to plead over.

Respondents' second amended complaint, which is the focus of this appeal, alleged four causes of action against appellants, to wit: (1) the restrictive covenants restricting the property's use to residential purposes constitute an express warranty that the property could be used for private residences; (2) the appellants breached the covenant of quiet enjoyment contained in the general warranty clause of the deed; (3) the appellants breached the covenant of freedom from encumbrances contained in the general warranty clause of the deed; and (4) the appellants breached the covenant of further assurances contained in the general warranty clause of the deed.

Appellants demurred to this second amended pleading, and the trial judge overruled the demurrer. We agree with appellants that the complaint failed to state a cause of action, and reverse and remand for entry of judgment sustaining the demurrer.

In their brief, respondents complain that appellants failed to comply with Supreme Court Rule 8, § 2. However, their brief indicates they had no difficulty in ascertaining the question involved on appeal. Moreover, the basic issue in this case is one which we deem to be of great importance to the bench and bar of this State; hence, we elect to address the merits of the appeal.

## DISCUSSION

This is not a suit based upon misrepresentation. Although the second amended complaint vaguely alleges the parties intended the land to be used for residential purposes, it falls far short of an action for fraud and deceit. Rather, the purported causes of action are based upon the untenable position that the general warranty clause and the restrictive covenants warrant that the marshland conveyed was suitable for the construction of residences.

Under South Carolina code pleading, a defendant may demur when facts sufficient to state a cause of action are not alleged in the complaint. S. C. Code of Laws § 15-13-320 (1976). When the complaint, viewed in a light most favorable to the plaintiff, fails to allege sufficient facts to constitute a cause of action a demurrer should be sustained. *Carolina Bank and Trust Company v. St. Paul Fire and Marine Company*, 310 S. E. (2d) 163 (S. C. App. 1983).

Addressing the first cause of action, we hold the restrictive covenants cannot be the basis of either an express or implied warranty of fitness for residential purposes. We quote from the case of *Lane v. Trenholm Building Co.*, 267 S. C. 497, 229 S. E. (2d) 728 (1976):

> When land is conveyed, there is often no clearly defined objective in the transfer and it would be impossible to imply a warranty of fitness for any purpose. *Even when a particular purpose is contemplated, as, for example, by restrictive covenants*, the suitability of the land may depend on architectural proposals or other matters entirely independent of the conveyance. Finally, the purchaser can fully inspect undeveloped land and, therefore, when the law denies the purchaser of real estate the benefit of an implied warranty, the consequences are generally not unfair or unjust. (Emphasis ours.) 229 S. E. (2d) at page 730.

See also *Jackson v. River Pines, Inc.*, 276 S. C. 29, 274 S. E. (2d) 912 (1981).

The clear meaning of the language emphasized is that no inference of suitability can be drawn from a restrictive covenant. Accordingly, the restrictive covenants in the chain of title of the subject land cannot be construed so as to constitute

an express warranty of fitness for purpose. Therefore the demurrer should have been sustained as to the first cause of action.

A South Carolina general warranty deed embraces all of the following five covenants usually inserted in fee simple conveyances by English conveyors: (1) that the seller is seized in fee; (2) that he has a right to convey; (3) that the purchaser, his heirs and assigns, shall quietly enjoy the land; (4) that the land is free from all encumbrances; and (5) for further assurances. The first and second covenants have the same effect as the third and fourth covenants. *Morris v. Lain*, 176 S. C. 310, 180 S. E. 206 (1935).

None of the above covenants could conceivably apply to the situation at hand. Indeed, there is no legal support for the proposition urged by respondents that a South Carolina general warranty deed warrants that land so conveyed is suitable for residential purposes.[1]

The covenant of quiet enjoyment obligates the grantor to protect the estate against the lawful claim of ownership asserted by a third person. No breach of this covenant occurs until there has been a disturbance of possession by actual or constructive eviction. The complaint alleges no attempt to interfere with the purchasers' possession; therefore, the demurrer should have been sustained as to respondents' cause of action for breach of the covenant of quiet enjoyment.

The covenant of freedom from encumbrances simply refers to freedom from various liens, easements and other claims. From 21 C. J. S. *Covenants*, § 142, we quote:

> As now generally recognized by the courts, a covenant against encumbrances is one which has for its object security against those rights to, or interest in, the land granted which may subsist in third persons to the diminution in value of the estate although consistent with the passing of the fee.

---

[1] 21 C. J S. *Covenants* §§ 98, 108, 109, (1940); 20 Am. Jur. (2d) *Covenants* §§ 42, 50, 83, 97-117 (1975); Tiffany on Real Property §§ 999-1018 (3rd ed.); Busby on Real Property §§ 253-257 (2d ed. 1953).

While marsh or water might be a burden upon property, it is certainly not a lien, easement, or a right existing in a third party. We hold the amended complaint does not state a cause of action for breach of the covenant of freedom from encumbrances.

A covenant for further assurances contemplates that the grantor will, upon demand, perform all acts necessary to provide further assurances of title. The amended complaint alleges no demand of an act upon the seller and Heritage necessary to perfect their legal title. Accordingly, the demurrer should have been sustained as to respondents' cause of action for breach of the covenant of further assurances.

## CONCLUSION

This second amended complaint represented respondents' third attempt to formulate viable causes of action against the appellants. Judge Morris's previous order sustaining appellants' first demurrer considered a pleading subtantially the same at the one before Judge Maring.

The fact that the marshland conveyed to respondents cannot be used for residential purposes does not result in the breach by the seller of any of the covenants embraced within a general warranty deed or its restrictive covenants. The trial judge erred in refusing to sustain the demurrer. The judgment is reversed and the case remanded with instructions that judgment be entered sustaining the demurrer of appellants.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.