646 S.E.2d 885

**In the Matter of the ESTATE OF Edward Ray PATTERSON, Deceased,**

**Jody Carroll, Appellant,**

v.

**The PALMETTO BANK, As Personal Representative, Respondent.**

**No. 4249.**

Court of Appeals of South Carolina.

Heard April 5, 2007.

Decided May 31, 2007.

W. Allen Reese, of Greer, for Appellant.

Anthony H. Randall, of Spartanburg, for Respondent.

CURETON, A.J.:

In this probate action, Jody Carroll appeals the circuit court's order reversing and remanding to the probate court the issue of whether Edward Ray Patterson breached the general warranty in his deed to Carroll. We reverse and remand.

## FACTS

Patterson owned 1.15 acres of property (the Property) in Greenville County. On May 6, 2002, he conveyed 5,128 square feet of the Property to the South Carolina Department of Transportation (SCDOT) for $12,000. However, SCDOT improperly recorded the deed in Spartanburg County. On March 31, 2003, Patterson conveyed the Property to Carroll by general warranty deed without mentioning the prior conveyance to SCDOT.

Patterson died on December 6, 2003. Subsequently, Carroll filed a claim against Patterson's estate (the Estate) for monetary damages for breach of the deed's general warranty. The Estate disallowed this claim, and the case was tried in the probate court. At trial, the Estate argued Patterson did not breach his general warranty to Carroll because Carroll could claim paramount title against SCDOT as a subsequent purchaser for value without notice. Carroll maintains he may

elect to sue Patterson for breach of the warranty rather than asserting paramount title with respect to SCDOT.[1]

The probate court held Patterson breached his covenant of quiet enjoyment and awarded Carroll the value of the 5,128 square feet conveyed to SCDOT. The Estate appealed to the circuit court, which reversed and remanded. The circuit court held the probate court properly found Carroll entitled to damages but erred in refusing to consider the priority of Carroll's title with respect to SCDOT. For this reason, the circuit court held, *sua sponte*, that SCDOT was an indispensable party and should be joined on remand. This appeal followed.

## STANDARD OF REVIEW

An action for the breach of a deed warranty is one at law. *Welsh v. Davis*, 3 S.C. 215 (1872). On appeal from an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses that no evidence supports them. *Neely v. Thomasson*, 365 S.C. 345, 349–50, 618 S.E.2d 884, 886 (2005). Questions of law may, however, be decided by this court without deference to the lower court. *Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 327, 534 S.E.2d 672, 675 (2000).

## LAW/ANALYSIS

Carroll contends the circuit court erred in refusing to hold he may maintain his breach of deed warranty action against the Estate despite his ability to assert a claim of paramount title against SCDOT. Because Patterson breached the covenant of seisin in his deed to Carroll, we agree.

Preliminarily, we note the probate court technically erred in finding Patterson breached the covenant of quiet enjoyment contained in the deed to Carroll. However, the probate court's ruling is substantively correct because Patterson

---

1. Carroll testified at trial that he acquiesced to SCDOT's ownership of the area it claimed. Moreover, at oral argument before this court, Carroll's counsel waived any right he may have to pursue a claim against SCDOT.

breached the deed's covenant of seisin. In addition, the issue tried by the parties was whether Patterson breached the general warranty in the deed. Accordingly, we hold the probate court's error did not prejudice either party and forms no basis for reversal.

In *Bennett v. Investors Title Ins. Co.*, 370 S.C. 578, 592, 635 S.E.2d 649, 656 (Ct.App.2006), this court explained:

A South Carolina general warranty deed embraces all of the following five covenants usually inserted in fee simple conveyances by English conveyors: (1) that the seller is seized in fee; (2) that he has a right to convey; (3) that the purchaser, his heirs and assigns, shall quietly enjoy the land; (4) that the land is free from all encumbrances; and (5) for further assurances.

(quoting *Martin v. Floyd*, 282 S.C. 47, 51, 317 S.E.2d 133, 136 (Ct.App.1984)).

The covenant of seisin is the grantor's covenant that he owns title to the property being conveyed. *See Johnson v. Veal*, 14 S C.L. (3 McCord) 449, 450 (Ct.App.1826) ("[I]t has been held that under a general warranty of title the purchaser may maintain an action against the grantor before eviction if he can shew [sic] that he had no title at the time of sale."); 21 C.J.S. *Covenants* § 16 (2006) ("The covenant of seisin is the grantor's promise that he or she owns the property interest he or she purports to convey to the grantee."); 20 Am.Jur.2d *Covenants, Conditions, and Restrictions* § 82 (2005) ("The covenant of seisin is a promise that the grantor has good title to the estate which he or she is purporting to convey.").

■ On the other hand, "[t]he covenant of quiet enjoyment obligates the grantor to protect the estate against the lawful claim of ownership asserted by a third person." *Martin*, 282 S.C. at 51, 317 S.E.2d at 136. However, "[n]o breach of this covenant occurs until there has been a disturbance of possession by actual or constructive eviction." *Id.* at 51, 317 S.E.2d at 136.

■ In this case, the probate court held Patterson breached his covenant of quiet enjoyment, but the Estate correctly recognizes Carroll has not been evicted because he voluntarily surrendered his right to claim title against SCDOT. *See* 21

C.J.S. *Covenants* (2006) ("Even if there has been a claim of title asserted by a third party and the grantee surrendered title because of it, that will not establish a breach of covenants in a warranty deed unless the third party actually holds superior title."). Accordingly, the probate court erred in finding Patterson breached his covenant of quiet enjoyment.

However, the probate court's substantive ruling is correct because Patterson breached his covenant of seisin at the time he conveyed the Property to Carroll. Moreover, the Estate is not prejudiced by the technical error because the parties litigated the issue of whether Patterson breached the covenant of seisin. Carroll's claim against the Estate generally alleged a breach of deed warranty and did not specify that only the covenant of quiet enjoyment had been breached.

■ While Carroll failed to specify the breach as a breach of the covenant of seisin, we recognize "[a] party need not use the exact name of a legal doctrine in order to preserve it . . ." *State v. Dunbar* 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003). Further, the Estate's appeal to the circuit court merely alleged error in the probate court's general ruling that Patterson breached the deed warranty.

■ Having determined Patterson breached his covenant of seisin, we proceed to the issue of whether Carroll could elect to claim damages for that breach rather than instituting an action claiming superior title to the tract against SCDOT. We hold the circuit court erred in ruling Carroll could not litigate his claim against the Estate rather than attempting to assert paramount title against SCDOT.

■ A breach of the covenant of seisin arises at the time of the conveyance and supports an action against the grantor prior to actual or constructive eviction. *See Lessly v. Bowie,* 27 S.C. 193, 198, 3 S.E. 199, 201 (1887) (recognizing the breach of a covenant that the vendor is seized in fee "was as old as the deed itself, and as it has been held, would have supported an original action at law for damages, even before eviction."); 14 Powell on Real Property § 81A.06[2][a][iv] (2005) ("[The covenant of seisin] is broken, if at all, at the time of the conveyance. . . . It is not necessary that the grantee actually be evicted from the premises in order for the cause of action

to accrue."). Consequently, Carroll had the ability to file suit on the breach at the time Patterson delivered the deed without regard to whether Carroll was evicted or could be evicted.

Here, the circuit court's order presupposes that the probate court must make a finding of eviction before allowing Carroll to proceed with his claim against the Estate. However, as we have explained, Patterson's covenant of seisin was breached when he conveyed the Property to Carroll regardless of whether an eviction occurred. Accordingly, the circuit court's decision is reversed and remanded for entry of an order consistent herewith.

**REVERSED AND REMANDED.**[2]

BEATTY and WILLIAMS, JJ., concur.

---

**2.** Based on this decision, we need not address Carroll's other issues on appeal. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal"); *Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (recognizing appellate courts need not address the remaining issues when one issue is dispositive).