**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Betty Fisher, Appellant,

v.

Bessie Huckabee, Respondent.

Lisa Fisher, Appellant,

v.

Bessie Huckabee, Respondent.

Appellate Case No. 2014-002020[1]

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Opinion No. 2016-UP-528
Heard October 3, 2016 – Filed December 21, 2016

**AFFIRMED IN PART and REMANDED IN PART**

John Hughes Cooper, of John Hughes Cooper, PC, of Mount Pleasant, and Lisa Fisher, of Long Beach, CA, for Appellants.

---

[1] Consolidated with Appellate Case No. 2014-002028 and Appellate Case No. 2014-002034.

Peter A. Kouten, of Kouten Law Firm, LLC, of Johns Island, for Respondent.

---

**PER CURIAM:**  In this consolidated probate case, Appellants Betty Fisher and Lisa Fisher separately appeal from the circuit court's affirmance of the probate court's orders appointing a special fiduciary, freezing assets, and denying the Fishers' motions for reconsideration, arguing twenty-two issues summarized as the following: (1) the circuit court erred in failing to consider the Fishers' Statement of Grounds or allow oral argument; (2) the probate court did not have jurisdiction because the matter was on appeal; (3) Respondent Bessie Huckabee did not have standing in the matter; (4) the probate court's order was void because Huckabee failed to provide the required notice and violated Rule 11, SCRCP; (5) the probate court erred in denying Lisa Fisher reasonable compensation; (6) the probate court erred in freezing decedent's accounts; (7) the probate court erred in appointing a special fiduciary; (8) the probate court erred in failing to grant Lisa Fisher an extension; and (9) the probate court erred in hearing the motion to appoint a special fiduciary when statutory notice was not given.  We affirm in part and remand in part.

## II.    BACKGROUND FACTS[2]

Lisa Fisher was appointed as Alice Shaw-Baker's guardian and conservator by order dated November 19, 2008.  Peter A. Kouten was appointed as Shaw-Baker's guardian ad litem.  After Shaw-Baker died on February 25, 2009, and Huckabee was appointed personal representative based on her nomination in the will, Lisa Fisher was discharged as the conservator by order dated May 11, 2009.  The order required Fisher to provide an estate accounting and turn over all estate assets within fifteen days of the date of the order.

In May 2011, Huckabee filed a motion entitled, "Motion to Appoint Special Fiduciary for Conservatorship Assets."  Huckabee alleged Lisa Fisher was

---

[2] Additional background facts may be found in *Fisher v. Huckabee*, 415 S.C. 171, 173-75, 781 S.E.2d 156, 157-58 (Ct. App. 2015), *reh'g denied* (Jan. 21, 2016), *petition for cert. filed* (Feb. 22, 2016) and *In re Estate of Alice Shaw Baker*, Op. No. 2015-UP-359 (S.C. Ct. App. filed July 15, 2015), *reh'g denied* (Sept. 15, 2015).

discharged as the conservator of Shaw-Baker by the May 11, 2009 order, had been granted at least six extensions to turn over the estate assets, and had not filed annual accountings since 2008. Huckabee requested the court deny any further continuances, require Lisa Fisher to file the delinquent accountings for 2009 and 2010, require her to release estate funds, and to appoint a third-party special fiduciary to accept all assets of the estate. At a hearing on the motion, Huckabee argued Fisher did not appeal the order discharging her as conservator, but it had been two years and she had not turned over the estate assets.

Huckabee also argued that when Fisher finally turned in the annual accountings, "it became clear that the discharged conservator did not cease in her actions as conservator" and had disbursed $80,500 from the estate after her authority ceased. Huckabee requested the court appoint a special fiduciary to accept the estate assets and that no further extensions be granted to Fisher.

Fisher argued she had motions pending, including a motion for a ninety-day extension and a motion to strike Huckabee's motion. Fisher also argued the court should strike the motion to appoint a special fiduciary. Fisher's motion to strike alleged the issue was moot because she filed the missing accountings with her motion; Kouten could not represent Huckabee because he had been Shaw-Baker's guardian ad litem; and Kouten had not satisfied the Rule 11(a), SCRCP requirement that a movant attempted in good faith to resolve an issue prior to filing a motion unless the movant certified that consultation would have served no useful purpose. Fisher argued she had been granted six extensions and was waiting for the appeals in circuit court and the supreme court to be decided prior to complying with the order to turn over the estate assets. By order dated September 28, 2011, the probate court denied Fisher's motions to strike and for an extension, granted the motion to appoint a special fiduciary, and appointed Heyward Harvey, Esq. to serve as the special fiduciary. The order required Fisher to turn over the estate assets within fifteen days.

Fisher moved for reconsideration, arguing the probate court did not have jurisdiction over the matter because an appeal was pending in the supreme court; no evidence of her wrongdoing was produced at the hearing; the probate court lacked statutory authority; Fisher had no ability to transfer the estate because a motion to appoint Betty Fisher as special administrator was pending in circuit court; and the probate court order was void. Betty Fisher also filed a motion as an "Interested Party" to void the September 28, 2011 order based on lack of notice and Huckabee's lack of standing. By order dated October 14, 2011, the probate

court denied the motions. The order also denied a pending "Renewed Motion for Approval of Fees and Expenses of Guardian and Conservator." In a separate order dated October 14, 2011, the probate court froze the assets in all of decedent's accounts.

Lisa Fisher moved to reconsider the denial of the renewed motion for fees. Fisher argued her motion was originally filed in July 2009 and the probate code provided for fees. Fisher also moved to reconsider the freezing of the assets, arguing the following: (1) the probate court requires a conservator to deliver estate assets to a "Duly Appointed" personal representative; (2) she is entitled by the doctrine of laches to continue protecting the estate; (3) the probate court lacked jurisdiction; (4) no party sought an order freezing the assets; and (5) the orders violated due process. On November 9, 2011, the probate court denied the motions for reconsideration. Fisher and Betty Fisher appealed to the circuit court.

At a hearing in the circuit court, the Fishers argued Lisa Fisher had a statutory duty to turn over the estate assets to a duly appointed personal representative and the order appointing Huckabee the personal representative was on appeal; thus, Fisher could not turn over the assets. The Fishers also argued the probate court did not have jurisdiction to appoint a special fiduciary because an appeal was pending. Betty Fisher next argued that as an interested party, she was entitled to the statutorily-required notice of twenty days before the probate court could consider a motion to appoint a special fiduciary. Betty Fisher further argued the Attorney General was entitled to notice as an interested party (as a protector of animal charities named in a prior will). Lisa Fisher next argued the probate court refused to take any testimony and made factual findings without any evidentiary support. Finally, Lisa Fisher argued the probate court erred in denying her motion to be paid fees as the conservator and in issuing orders freezing the assets.

Huckabee argued the issues in the current matter were unrelated to the pending appeals because they were related to conservatorship of the assets rather than personal representative matters. Huckabee also argued that although there were no affidavits or testimony before the probate court, Lisa Fisher's accountings indicated she was spending money from the estate after she was discharged, which was sufficient for the probate court to appoint a special fiduciary. In Form 4 orders, the circuit court affirmed the probate court's orders. This appeal followed.

## III.   STANDARD OF REVIEW

On appeal from a final order of the probate court, the circuit court must apply the same standard of review that an appellate court would apply on appeal. *In re Howard*, 315 S.C. 356, 361, 434 S.E.2d 254, 257 (1993). "The standard of review applicable to cases originating in the probate court depends upon whether the underlying cause of action is at law or in equity." *In re Estate of Hyman*, 362 S.C. 20, 25, 606 S.E.2d 205, 207 (Ct. App. 2004). The underlying nature of the matter before the probate court was the appointment of a special fiduciary to manage the estate assets, which we find akin to the removal of a personal representative; thus, the action is in equity. *See Dean v. Kilgore*, 313 S.C. 257, 259, 437 S.E.2d 154, 155 (Ct. App. 1993) (holding an action to remove a personal representative appointed pursuant to the terms of a will is equitable in nature). If probate proceedings are equitable in nature, then the circuit court on appeal may make factual findings according to its own view of the preponderance of the evidence. *Howard*, 315 S.C. at 361-62, 434 S.E.2d 254, 257-58.

## IV.    ISSUES ON APPEAL[3]

1.  Did the circuit court err in failing to consider the Fishers' statement of grounds for appeal and failing to permit oral argument?[4]

2.  Did the probate court lack jurisdiction because the matter was on appeal?[5]

3.  Did Huckabee lack standing?[6]

4.  Was the probate court order void because Huckabee failed to provide notice in violation of Rule 11, SCRCP?[7]

5.  Did the probate court err in denying Lisa Fisher reasonable compensation?[8]

---

[3] We have combined the Fishers' twenty-two issues on appeal into nine issues as noted. As to Lisa Fisher's brief in Appellate Case No. 2014-002034, we have listed her issues as they appear in the Statement of Issues on Appeal.
[4] *Betty Fisher v. Huckabee*, Appellate Case No. 2014-002020 ("2020") - issue 1; *Lisa Fisher v. Huckabee*, Appellate Case No. 2014-002028  ("2028") - issue 1; *Lisa Fisher v. Huckabee*, Appellate Case No. 2014-002034 ("2034") - issue 1.
[5] 2020 - issue 2; 2028 - issues 2, 3, 4, 6.
[6] 2020 - issue 4; 2028 - issue 5.
[7] 2028 - issue 10.
[8] 2034 - issues 2, 3, 4.

6.  Did the probate court err in issuing orders freezing assets?[9]

7.  Did the probate court err in appointing a special fiduciary?[10]

8.  Did the probate court err in failing to grant Lisa Fisher an extension?[11]

9.  Did the probate court err in hearing the motion to appoint a special fiduciary when statutory notice was not given?[12]

## V.    LAW/ANALYSIS

## 1.    Failure to Consider Statement of Grounds or Permit Oral Argument

The Fishers argue the circuit court erred in failing to read the briefs prior to the hearing, depriving them of further argument on the record, and failing to make findings of fact.  We disagree.

At the beginning of the hearing, the circuit court noted on the record that it remembered the parties from one of the previous cases.  The Fishers' attorney began arguments, stating, "[W]e've briefed this extensively and we assume the Court has those briefs and I'm not going to go into it."  The circuit court judge stated, "Yes, I've got the briefs.  I have not looked at them but I have got them here.  I will probably have to look at them before I make a decision.  But go ahead. . . . If you can summarize the briefs, that would be very helpful."  The Fishers' attorney responded, "That's what I'm going to attempt to do, Your Honor."  The judge stated, "You don't have to reiterate everything that's in there . . . because I will read them . . . [o]r my law clerk and -- we both will probably read them."  The court heard extensive arguments from counsel.

The hearing lasted from 10:22 a.m. until 11:13 a.m.  The Fishers were permitted to fully argue the issues.  At the conclusion of the hearing, the Fishers argued, "Your Honor, one thing for the record?"  The judge stated, "Thank you very much.  I've heard enough."  However, as the Fishers concede, the judge next stated, "I'll review

---

[9] 2034 - issues 5, 6.
[10] 2028 - issues 7, 8, 9.
[11] 2028 - issue 11.
[12] 2020 - issue 3; 2028 - issue 12.

it.  I'll review your memorand[a].  I'll make them a part of the record.  Okay?
Thank y'all very much."  The Fishers' counsel replied, "Thank you."

We find no error by the circuit court.  Although the circuit court sitting in an
appellate capacity in an equity action may make factual findings according to its
own view of the preponderance of the evidence, deference to the probate court's
findings is appropriate in circumstances where it is apparent from the record that
the credibility of the witnesses was a consideration.  *Macaulay v. Wachovia Bank
of S.C.*, 351 S.C. 287, 293-94, 569 S.E.2d 371, 375 (Ct. App. 2002).  In this case,
the accounting provided by Lisa Fisher established unauthorized depletion of the
estate assets after Fisher was discharged as the conservator of the estate by order
filed May 11, 2009.  Further, the circuit court heard the Fishers' arguments at the
hearing.  We find no error.  *See Porter v. Labor Depot*, 372 S.C. 560, 568, 643
S.E.2d 96, 100 (Ct. App. 2007) (stating "not all situations require a detailed order,
and the trial court's form order may be sufficient if the appellate court can ascertain
the basis for the trial court's ruling from the record on appeal").

## 2.     Jurisdiction of the Probate Court

The Fishers next argue the probate court did not have jurisdiction to hear the
motion to appoint a special fiduciary because related matters were pending on
appeal and a personal representative had already been appointed.  We disagree.[13]

The jurisdiction of the probate court is governed by the Probate Code and extends
to subject matter related to estates of decedents.  S.C. Code Ann. § 62-1-302(a)
(Supp. 2015) ("To the full extent permitted by the Constitution, and except as
otherwise specifically provided, the probate court has exclusive original
jurisdiction over all subject matter related to: (1) estates of decedents . . . .").  The
probate court may appoint a special administrator informally prior to the
appointment of a personal representative and in a formal proceeding "on the
petition of any interested person and finding . . . that appointment is necessary to
preserve the estate . . . ."  S.C. Code Ann. § 62-3-614 (Supp. 2015).  The probate
court has exclusive jurisdiction to determine the need for a conservator.  S.C. Code
Ann. § 62-5-402(1) (Supp. 2015).

---

[13] Huckabee argues the order appointing a special fiduciary is interlocutory and not
immediately appealable.  We disagree.  *See Ex parte Small*, 69 S.C. 43, 46, 48 S.E.
40, 41 (1904) (finding an order appointing an administrator was a final order and
was immediately appealable).

The question of whether the probate court may proceed with a case after one of its orders has been appealed is also governed by the Probate Code. Section 62-1-308(h) (Supp. 2015) of the Probate Code provides the following:

> When an appeal according to law is taken from any sentence or decree of the probate court, all proceedings in pursuance of the order, sentence, or decree appealed from shall cease until the judgment of the circuit court, court of appeals or Supreme Court is had. If the appellant, in writing, waives his appeal before the entry of the judgment, proceedings may be had in the probate court as if no appeal had been taken.

In *Ulmer v. Ulmer*, our supreme court explained that this section[14] "does not apply to all orders of the probate court concerning the parties. The only proceedings required to cease are those proceedings addressed in the orders from which an appeal was taken." 369 S.C. 486, 491-92, 632 S.E.2d 858, 861 (2006).

In this case, the order on appeal at the time of the probate court hearing related to the appointment of Huckabee as the personal representative under the will. The Fishers' cause of action challenging the will remains pending in the probate court. We find Huckabee's status under the will is not related to the discharge of Lisa Fisher as the conservator and the appointment of an unrelated, special fiduciary to marshal the estate assets and maintain authority and control of the estate pending the final distribution of the estate. Further, we find the probate court had jurisdiction to appoint a special fiduciary under sections 62-1-302(a) and 62-3-614.

## 3.     Huckabee's Standing

The Fishers argue Huckabee lacked standing to file the motion to appoint a special fiduciary. We disagree.

The Probate Code defines interested persons to include the following:

> heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against

---

[14] Formerly section 62-1-308(c).

a trust estate or the estate of a decedent, ward, or protected person which may be affected by the proceeding. It also includes persons having priority for appointment as personal representative and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

S.C. Code Ann. § 62-1-201(23) (Supp. 2015). "[A]ll persons having any interest [in the probate of a will] are deemed parties and concluded by the decision therein." *Davis v. Davis*, 214 S.C. 247, 258, 52 S.E.2d 192, 197 (1949). Because Huckabee is the personal representative named in the will and is defined as an interested person, we find no merit to the Fishers' challenge to Huckabee's standing. As to the Fishers' challenge to Huckabee's standing based on the pending appeal of the order appointing her as the personal representative, we affirm for the reasons discussed in part 2 of this opinion.

## 4. Rule 11, SCRCP

Lisa Fisher argues the probate court's order was void because Huckabee failed to comply with the notice provisions of Rule 11, SCRCP. We disagree.

Rule 11 of the South Carolina Rules of Civil Procedure provides that "[a]ll motions filed shall contain an affirmation that the movant's counsel . . . has communicated . . . with opposing counsel and has attempted in good faith to resolve the matter . . . unless the movant's counsel certifies that consultation would serve no useful purpose . . . ." Rule 11, SCRCP. Rule 11 provides a motion not in compliance with the rule "shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." *Id.* Finally, the rule provides the court "may impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . ." *Id.*

In *Jackson v. Speed*, our supreme court affirmed the trial judge's refusal to strike a motion based on a similar Rule 11(a) violation, finding the trial judge did not abuse his discretion in refusing to strike the motion because an attempt to consult with opposing counsel about the matter would have been pointless. 326 S.C. 289, 310-11, 486 S.E.2d 750, 761 (1997). The court noted "[t]his finding by the trial judge

is adequate to cure the deficiency under the facts of this case." *Id.* at 311, 486 S.E.2d at 761.

In this case, the Fishers argued the motion to appoint a fiduciary should have been striken based on the Rule 11 violation. Huckabee argued the motion was in response to Lisa Fisher's motion for an extension. In her brief, Huckabee also notes counsel had discussed the matter of the appointment of a special administrator on several occasions and the Fishers' motions for extensions likewise failed to comply with the Rule 11 affirmation requirements. The probate court did not make a specific finding on the record. However, the issue of the violation was argued to the probate court, and the court ruled at the hearing that Huckabee had "a right to file that motion with the Court." Although a specific ruling excusing the Rule 11 violation is preferable, we affirm, finding the probate court's ruling implicitly found consultation with opposing counsel would have been pointless. *See Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996) (stating the imposition of sanctions under Rule 11 is subjected to an abuse of discretion standard of review).

**5.      Denial of Lisa Fisher's Request for Fees**

Fisher argues the probate court erred in denying her request for fees. We remand this issue.

Fisher was appointed as the guardian and conservator by order dated November 19, 2008. After Shaw-Baker died on February 25, 2009, Huckabee was appointed personal representative based on her nomination in the will. Fisher was discharged as the conservator of the estate by order dated May 11, 2009. Fisher moved for fees and expenses of $67,814.50 for services rendered between August 2008 and July 2009, which is approximately 17% of the estimated value of the estate of $395,935.39. Fisher argued entitlement to fees under the probate code. By order dated October 14, 2011, the probate court summarily denied the motion.[15] Fisher moved to reconsider the order, arguing (1) all other guardians and attorneys had been paid their fees; thus, she was entitled to fees under the equal protection clause of the United States and South Carolina constitutions; (2) the probate code provides for reasonable compensation to guardians and conservators; and (3) the takings clauses of the constitutions require compensation.

---

[15] Fisher filed her motion in July 2009 and filed a renewed motion in October 2011.

The Probate Code provides, "[i]f not otherwise compensated for services rendered, any visitor, lawyer, physician, conservator, or special conservator appointed in a protective proceeding *is entitled to reasonable compensation* from the estate, as determined by the court." S.C. Code Ann. § 62-5-414 (2009) (emphasis added). The Probate Code also provides as follows:

> Any guardian of one for whom a conservator also has been appointed shall control the custody and care of the ward and *is entitled to receive reasonable sums* for his services and for room and board furnished to the ward as agreed upon between him and the conservator, provided the amounts agreed upon are reasonable under the circumstances.

S.C. Code Ann. § 62-5-312(b) (2009) (emphasis added). In addition, the Probate Code requires a conservator to "retain the estate for delivery to a duly appointed personal representative of the decedent or other persons entitled thereto" if a protected person dies. S.C. Code Ann. § 62-5-425(d) (2009).

In this case, Lisa Fisher was the appointed guardian and conservator until Shaw-Baker died on February 25, 2009. Some of the expenses Fisher requested reimbursement for were incurred after her conservatorship ended. However, the accountings filed by Fisher include disbursements of $68,523.79 in "Administrative/Legal Fees" incurred between December 23, 2008 and December 31, 2009 alone. Furthermore, Huckabee alleged the accountings indicate the estate has been depleted by more than $80,000, but the accountings in the record indicate depletion of more than $250,000. Because the probate court's order and the circuit court's order only summarily address the issue, we remand to the probate court.[16]

## 6. Freezing of Assets

Lisa Fisher argues the probate court erred in freezing assets. We disagree.

Fisher argues the order(s) freezing assets were issued without notice because this relief was not requested or raised; she was required to retain the estate property

---

[16] We make no determination of the entitlement to, or the reasonableness of, the fees claimed.

until a "duly appointed" personal representative was appointed and the issue of the propriety of Huckabee's appointment is on appeal; the doctrine of laches supports her continued protection of the estate; and the freezing of the estate assets and Fisher's personal assets violated Fisher's constitutional rights.

Section 62-1-302 of the Probate Code generally defines the probate court's jurisdiction and provides in pertinent part: "(a) To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has exclusive original jurisdiction over all subject matter related to: (1) estates of decedents . . . ."  S.C. Code Ann. § 62-1-302(a)(1) (Supp. 2015).  The probate court has the authority to issue orders in the nature of injunctions.  *See Greenfield v. Greenfield*, 245 S.C. 604, 611, 141 S.E.2d 920, 924 (1965) (finding the probate court had the authority to issue an order requiring relatives of a decedent to surrender the records of the decedent, and stating "[t]his power, we think, is one which is of necessity incident to the jurisdiction expressly granted the probate court over all matters of administration").

We find no merit to Fisher's arguments.  As to her personal assets, Fisher admitted at the hearing before the circuit court that the order(s) freezing assets "didn't have any real effect because Lisa Fisher didn't have any accounts here in South Carolina personally."  Thus, Fisher suffered no prejudice and there is no basis for reversal.  *See In re Estate of Patterson v. Palmetto Bank*, 374 S.C. 116, 120, 646 S.E.2d 885, 887 (Ct. App. 2007) (holding a probate court's error that did not prejudice either party formed no basis for reversal).  As to the estate assets, we find the probate court had the authority to freeze assets to protect the estate.

## 7.    Appointing Special Fiduciary

Lisa Fisher next argues the probate court erred in appointing a special fiduciary. We disagree.

First, Fisher argues the probate court did not rule on her objections to the procedure and the accusations of her mismanagement of the estate.  Second, she argues the probate court's rulings are not supported by the record.  Third, relying on trust law, Fisher argues the probate court's finding that she did not have authority to pay expenses on behalf of the estate was erroneous and demonstrates no emergent need for a special fiduciary.  Finally, Fisher argues Huckabee is barred from moving for the appointment of a special fiduciary under the doctrine of laches.

As to the first three issues, we find no merit. Initially, the probate court noted Fisher's continued objections to its jurisdiction. In addition, neither the probate court nor the circuit court found misconduct by Fisher in their written orders. Rather, the probate court found Fisher had been discharged in 2009; the estate contained real property assets requiring upkeep and repair; and the accounting indicated a need for authority to deal with third parties. To the extent the court's findings regarding Fisher's objections were deficient, we find adequate support in the record. *See Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) (allowing the appellate court to make its own findings of fact if the record is sufficient even though the family court may have failed to set forth specific findings of fact and conclusions of law to support its decision). Further, the accounting provided by Lisa Fisher established unauthorized depletion of the estate assets after Fisher was discharged as the conservator of the estate by order dated May 11, 2009. This is sufficient evidence in the record to constitute the emergent need found by the probate court. *See* S.C. Code Ann. § 62-7-704(e) (Supp. 2015) (providing the probate court with authority to appoint a special fiduciary to administer a trust whenever the court considers the appointment necessary for the administration of a trust); § 62-5-402(1) (Supp. 2015) (providing the probate court with exclusive jurisdiction to determine the need for a conservator or other protective order). To the extent Fisher argues trust law does not apply, the probate court has jurisdiction over the estate of decedents outside of the trust provisions of the Probate Code. *See* § 62-1-302(a) ("To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has exclusive original jurisdiction over all subject matter related to: (1) estates of decedents . . . ."). Thus, any erroneous reliance by the probate court on trust law is insignificant because the probate court had authority under estate law.

As to Fisher's final issue, we find laches does not apply to bar Huckabee's request for the appointment of a special fiduciary. "The party seeking to establish laches must show: (1) a delay, (2) that was unreasonable under the circumstances, and (3) prejudice." *Robinson v. Estate of Harris*, 388 S.C. 616, 627, 698 S.E.2d 214, 220 (2010). In this case, even if Fisher can show Huckabee caused any delay, it would not be unreasonable delay. The issue of Huckabee's appointment as the personal representative was not affirmed by this court until April 2011. Huckabee filed the Motion to Appoint Special Fiduciary for Conservatorship Assets in May 2011.

## 8. Denial of Lisa Fisher's Request for Extension

Lisa Fisher argues the probate court erred in failing to grant her another extension to deliver the assets, averring the court erred in finding she did not have the duty to act once she had been discharged because she was required to protect the property until delivery. We find no reversible error.

The South Carolina Rules of Probate Court govern procedure in the probate court. *See* Rules 1-5, SCRPC. These rules address only a limited number of issues, and there is no procedural rule governing motions in probate court. However, the Probate Code provides the rules of civil procedure shall be applied in formal proceedings in the probate court. S.C. Code Ann. § 62-1-304 (Supp. 2015). "The manner of service, time for answering and other proceedings relating to the trial, except trial by jury, shall conform as nearly as may be to the practice in the courts of common pleas as provided in this Code." *In re Estate of Weeks*, 329 S.C. 251, 258, 495 S.E.2d 454, 458 (Ct. App. 1997) (quoting S.C. Code Ann. § 14-23-280 (1976)). We find the probate court's ruling on Fisher's motion for an extension to turn over the estate assets was within the sound discretion of the probate court. *See generally Beckham v. Durant*, 300 S.C. 329, 332, 387 S.E.2d 701, 703 (Ct. App. 1989) (finding the probate court's consideration of an enlargement of time to file an answer was within the discretion of the probate court). As to Fisher's argument the probate court erred in finding she did not have the duty to act once she had been discharged, we note this was a statement made by the probate court during the hearing, and the probate court did not make this finding in its final order. We find no merit to this argument. *See Ford v. State Ethics Comm'n*, 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001) ("Until written and entered, the trial judge retains discretion to change his mind and amend his oral ruling accordingly.); *id.* ("The written order is the trial judge's final order and as such constitutes the final judgment of the court.").

## 9. Statutory Notice of the Hearing

The Fishers argue the probate court's order appointing a special fiduciary is void because neither Betty Fisher nor the Attorney General's office were provided notice of the Motion to Appoint Special Fiduciary for Conservatorship Assets. We disagree.

Betty Fisher again argues the probate court erred in relying on trust law to appoint a special fiduciary, which we considered above and found no reversible error. As to notice, we likewise find no reversible error. Under the Probate Code, "[a] special administrator may be appointed: (1) informally by the court on the

application of an interested person when necessary . . . (c) to take appropriate actions involving estate assets; (2) in a formal proceeding by order of the court on the petition of any interested person . . . .   If it appears to the court that an emergency exists, appointment may be ordered without notice."  S.C. Code Ann. § 62-3-614 (Supp. 2015).  In this case, the issue before the court was the protection of the estate.  Although the disposition of the estate would require notice to an "interested person," the Probate Code provided authority for the probate court to conduct this hearing without notice to Betty Fisher or the Attorney General.  *See* S.C. Code Ann. § 62-1-201(23) (Supp. 2015) (defining an "interested person" as including "heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent . . .").  Neither Betty Fisher nor the animal charities are named in the last will.

## V.    CONCLUSION

For the foregoing reasons, we affirm in part and remand in part.

**AFFIRMED IN PART and REMANDED IN PART.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**