## 21386

Robert W. JACKSON and Lillie P. Jackson, Appellants, v. RIVER PINES, INC., and C. P. Fishburne, Jr., Coleman G. Poag, James D. Hix, Joseph L. Caudell, Thomas A McKinney, Charles B. Ridley, Sr., T. Hugh Simrill, Jr., and Charles B. Ridley, Jr., as Shareholders in River Pines, Inc.; and C. P. Fishburne Jr., Coleman G. Poag, James D. Hix, Joseph L. Caudell and Thomas A. McKinney as Liquidating Trustees for River Pines, Inc.; and C. P. Fishburne, Jr., individually, Coleman G. Poag, individually, James D. Hix, individually, Joseph L. Caudell individually, Thomas A. McKinney, individually, Charles B. Ridley, Sr., individually, T. Hugh Simrill, Jr., individually Charles B. Ridley Jr., individually, and the above listed individuals, d/b/a River Pines Company, a partnership; and T. Hugh Simrill, Jr., as Trustee and James D. Hix and Joseph L. Caudell as the holders of assets of River Pines, Inc., Respondents.

(274 S E. (2d) 912)

*Jack G. Leader, Spencer & Spencer,* Rock Hill, *for appellants.*

*Melvin B. McKeown, Jr., Spratt, McKeown & Spratt,* York, *for respondents.*

February 3, 1981.

HARWELL, Justice:

Robert W. and Lillie P. Jackson appeal the order of the trial court sustaining respondents' demurrer to the Jacksons' cause of action for breach of an alleged implied warranty of fitness of land for residential purposes. The trial court ruled that no cause was stated since no such implied warranty attaches in South Carolina. We agree and affirm.

The warranty was said to arise solely by virtue of restrictive covenants placed on a tract of which appellants' lot is a part, restricting use of the land to residential home development. Appellants allege breach of warranty because the lot sold them is composed of soil which will not support a septic system. Appellants claim damages which are in essence indemnification for a judgment obtained against them by the purchasers of the house which appellants built on the property.

In passing upon the propriety of a demurrer sustained below we are constrained to look only within the four corners of the pleading. We need determine only if the allegations, as liberally construed and presumed true for purposes of the motion, state a cause of action. *Pilkington v. McBain*, S. C., 262 S. E. (2d) 916 (1980); *Preston H. Haskell Company v. Morgan*, S. C., 262 S. E. (2d) 737 (1980); *Whale Branch Corporation v. Federal Land Bank of Columbia*, S. C., 268 S. E. (2d) 583 (1980).

In South Carolina the purchaser of unimproved land has had to covenant to protect whatever special rights or interests he would presume to acquire in the land. *Mitchell v. Pinckney*, 13 S. C. 203 (1880). This is because the doctrine of caveat emptor has, in the absence of fraud or misrepresentation, long governed the obligations of the parties in the sale of real estate. *Rutledge v. Dodenhoff*, 254 S. C. 407, 175 S. E. (2d) 792 (1970); 77 Am. Jur. (2d) Vendor and Purchaser § 329. We have held by exception, however, that when a new building is sold there is an implied warranty of fitness for its intended use which springs from the sale itself. *Lane v. Trenholm Building Company*, 267 S. C. 497, 229 S. E. (2d) 728 (1976); *Rutledge v. Dodenhoff, supra*. We decline to extend this exception back to cover the sale of the land on which the new building is constructed since differing considerations are involved.

"The doctrine of merger of warranties in a deed, applicable to real estate sales, has little relevancy to the sale of a product, whether it is personalty or a building. When land is conveyed, there is often no clearly defined objective in the transfer and it would be impossible to imply a warranty of fitness for any purpose. Even when a particular purpose is contemplated, as, for example, by restrictive covenants, the suitability of the land may depend on architectural proposals or other matters entirely independent of the conveyance. Finally, the purchaser can fully inspect undeveloped land and, therefore, when the law denies the purchaser of real estate

the benefit of an implied warranty, the consequences are generally not unfair or unjust." *Lane v. Trenholm Building Company, supra,* 267 S. C. 497, 229 S. E. (2d) at p. 730.

This reasoning is sound and by it injection of an element of uncertainty in real estate transactitons is avoided.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.