William and Lavonne **RUSCH,**
**Plaintiffs-Appellees and**
**Cross-Appellants,**

v.

**LINCOLN–DEVORE TESTING LABORATORY, INC., and Dan L. Howells, Oliver P. Lecompte, and Patricia L. Cloud, d/b/a Pleasant Hills Development Company, a limited partnership, Defendants-Appellants and Cross-Appellees.**

**No. 82CA1341.**

Colorado Court of Appeals,
Div. I.

Oct. 11, 1984.

Rehearings Denied Nov. 15, 1984.

Certiorari Denied April 15, 1985.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Colorado Springs, for plaintiffs-appellees and cross-appellants.

Strand and Meadows, P.C., Edwin Strand, Colorado Springs, for defendants-appellants and cross-appellees Lincoln-Devore Testing Laboratory, Inc.

Greengard, Blackman & Senter, William L. Senter, Denver, for defendants-appellants and cross-appellees Dan L. Howells, Oliver P. Lecompte and Patricia L. Cloud, d/b/a Pleasant Hills Development Co.

PIERCE, Judge.

Plaintiffs, William and Lavonne Rusch, sued defendants, Lincoln-Devore Testing Laboratory, Inc. (Lincoln-Devore), Dan L. Howells, Oliver P. Lecompte, and Patricia L. Cloud d/b/a Pleasant Hills Development Company (Pleasant Hills), for damages arising from the subsidence and movement of the soil underlying their residence. The jury awarded plaintiffs $50,000 damages for negligence and $64,000 for breach of implied warranty of suitability. Defendants appeal, and we reverse and remand for a new trial.

Plaintiffs purchased an undeveloped lot from Pleasant Hills in 1977. William Rusch, acting as his own contractor in the construction of a home on the property, hired Lincoln-Devore, a soil engineering firm, to conduct a soil inspection of the site and recommend a foundation design. After inspecting the site, Lincoln-Devore sent Rusch a report stating in relevant part that:

"The site is on a man-made fill believed to have been placed under Data Sheet 79G. This laboratory has no records of the fill."

The report recommended a foundation design based upon Lincoln-Devore's observations of the soil condition and assumptions concerning the underlying fill.

Construction of the home was completed in late 1977. Subsequently, subsidence and lateral movement of the fill beneath the home resulted in extensive structural damages.

Plaintiffs brought suit against Pleasant Hills for fraudulent concealment, breach of implied warranty of suitability, and negligence, and against Lincoln-Devore for negligence. Evidence at trial indicated that Pleasant Hills had not placed and compacted the fill beneath the Rusch's house in conformity with Federal Housing Administration Data Sheet 79G, a document setting forth the proper procedure for placing fill dirt. The failure to comply with Data Sheet 79G was probably responsible for the damage to the Ruschs' home.

The jury was directed to record its award of compensatory damages on Form Number 1. Line A was for the total amount of compensatory damages awarded, line B was specifically for damages awarded for negligence, line C was for the fraudulent misrepresentation award, and line D was for the breach of warranty award. During the course of deliberations, the jury sent the court the following written question:

> "Sir:
>
> Reference Verdict Form 1
>
> If the jury chooses to award compensatory damages, how do we differentiate between breach of warranty damages and negligence damages?"

The court, without contacting any of the attorneys involved, sent back the following written reply:

> "X number of $ for each. See appropriate lines. Must total Line A."

The jury then returned an award to plaintiffs of $50,000 for negligence, $64,000 for breach of implied warranty, and nothing for fraud. In a separate verdict form, the jury found plaintiffs, Lincoln-Devore, and Pleasant Hills to have been 5%, 35%, and 60% negligent, respectively.

## I.

The dispositive issue on appeal is whether the jury verdicts suffer from a fatal inconsistency. We hold that they do.

■ Plaintiffs' claims for breach of implied warranty of suitability and negligence were asserted as alternative theories of recovery for the same injury. Plaintiffs concede that the evidence adduced in support of the claims was identical. The jury's award of cumulative damages for alternative claims demonstrates that, as a result of the misleading reply given by the court to the jury's question, the jury misapprehended its task. The judgment must therefore be reversed, and the cause remanded for retrial. *See Wulff v. Christmas*, 660 P.2d 18 (Colo.App.1982).

On retrial the jury should be instructed that an award may be made for negligence or for breach of implied warranty of suitability, but not for both, and that Lincoln-Devore may only be found liable under the negligence theory.

## II.

■ Pleasant Hills contends in addition that the court erred in instructing the jury that "[a] parcel of land purchased for the purpose of building a home upon that land carries with it an implied warranty that the land is suitable for building a house upon that land." Since the issue of the propriety of this instruction may arise again upon remand, we address Pleasant Hills' contention. We agree that the instruction as given is improper, but hold that under the circumstances of this case an appropriately circumscribed instruction on warranty of suitability is proper.

■ An implied warranty of habitability and workmanlike construction by builder-vendors, first recognized in Colorado in *Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399 (1964), is based upon a recognition that a purchaser and a builder-vendor are seldom in equal bargaining positions. The builder-vendor expressly or impliedly holds himself out as having the expertise necessary to construct a livable dwelling, and the purchaser relies upon the representations that the new house will be suitable as a home. *Sloat v. Matheny*, 625 P.2d 1031 (Colo.1981). These expectations reflect the fact that an experienced builder is in a far better position to evaluate the structural condition of a house than most purchasers. *Duncan v. Schuster-Graham Homes, Inc.,*

194 Colo. 441, 578 P.2d 637 (1978). Further, because the process of construction itself conceals wiring, plumbing, the foundation, and other essential components, even a knowledgeable purchaser seldom is able to inspect the underlying structural features of a house. *See Duncan v. Schuster-Graham Homes, Inc., supra.*

We have held that a claim for breach of an implied warranty of habitability may exist where improper landscaping has led to structural damage to a new home, *see Belt v. Spencer,* 41 Colo.App. 227, 585 P.2d 922 (1978), but no Colorado case has recognized an implied warranty of suitability in the sale of to an undeveloped and unimproved lot on which the purchaser intends to himself build a home. Pleasant Hills adverts to a series of cases in foreign jurisdictions rejecting such a doctrine.

We agree that the factors mentioned above, which support an implied warranty of habitability as to new homes, are generally absent in sales of wholly undeveloped land. *See Cook v. Salishan Properties, Inc.,* 279 Or. 333, 569 P.2d 1033 (1977); *see also Jackson v. River Pines, Inc.,* 276 S.C. 29, 274 S.E.2d 912 (1981); *Witty v. Schramm,* 62 Ill.App.3d 185, 19 Ill.Dec. 669, 379 N.E.2d 333 (1978). The instant case, however, concerns a parcel which was extensively modified in order to be sold as a residential parcel.

■ Where, as here, a commercial developer improves and sells land for the express purpose of residential construction, an implied representation to a purchaser arises that the property is suitable for the residential purpose for which it is sold. The instant case illustrates that the purchaser of improved land for residential construction may suffer from an inability to evaluate the quality of the improvements, both because of the disparity of expertise between the vendor and the purchaser and because many of the alterations are necessarily invisible from the surface, thereby placing the purchaser in a situation comparable to that of a new-home purchaser.

■ Accordingly, we hold that if land is improved and sold for a particular purpose, if vendor has reason to know that the purchaser is relying upon the skill or expertise of the vendor in improving the parcel for that particular purpose, and the purchaser does in fact so rely, there is an implied warranty that the parcel is suitable for the intended purpose.

On retrial, if the evidence warrants, an instruction reflecting this holding should be given to the jury.

The judgment is reversed and the cause is remanded for new trial.

STERNBERG and VAN CISE, JJ., concur.